## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MEGEN DUFFY,                              )
                                         )
                    Relator/Plaintiff,    )
                                         )
v.                                        )          Case No. 2:14-cv-2256-SAC-TJJ
                                         )
LAWRENCE MEMORIAL HOSPITAL,               )
                                         )
                    Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court on Relator/Plaintiff[1] Megen Duffy's Motion to Compel
(ECF No. 99).  Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rules 37.1 and 37.2,
Plaintiff asks the Court to overrule objections and order Defendant Lawrence Memorial Hospital
to produce documents responsive to Qui Tam Plaintiff's First Request for Production of
Documents to Defendant and complete answers to Qui Tam Plaintiff's First Set of
Interrogatories to Defendant.  Defendant opposes the motion.  As set forth below, Plaintiff's
motion is granted in part and denied in part.

## I.      Relevant Background

Plaintiff served the written discovery requests at issue on May 2, 2016, and Defendant
responded on July 6, 2016, producing more than 500,000 documents.  On August 8, 2016,
Plaintiff provided written notice to Defendant that Plaintiff believed certain responses and
answers were inadequate and certain objections were improper.  While Plaintiff obtained

---

[1] Because the United States declined to intervene in this qui tam action, the Court will refer to
Relator as Plaintiff.

extensions of time to file a motion to compel, the parties conferred and reportedly narrowed the issues.  Ultimately, however, differences remained and Plaintiff filed the instant motion.[2]

Plaintiff requests in her motion that the Court overrule Defendant's objections and order Defendant to provide complete answers to sixteen interrogatories she propounded and to produce documents responsive to seven requests for production.  Throughout counsel's written exchange concerning these discovery requests, Defendant has not withdrawn any of its objections.  Accordingly, the Court has examined those objections and Plaintiff's responses thereto.  The Court is now prepared to rule on the disputes at issue in Plaintiff's motion to compel.

## II.    Summary of the Parties' Arguments

Plaintiff brings this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against her former employer, Lawrence Memorial Hospital ("LMH"), alleging in part that LMH submitted false information to the federal government in order to maximize reimbursement from federal medical care programs.  As required by the FCA, Plaintiff served a "copy of the complaint and written disclosure of substantially all material evidence and information" she possessed on the United States Attorney for the District of Kansas to permit the government an opportunity to elect to intervene in the action.[3]  After the government elected not to prosecute the action,[4] Plaintiff's second amended complaint was unsealed and Plaintiff served LMH.  Defendant answered the second amended complaint and asserted counterclaims against Plaintiff for breach of contract and fraud.[5]

---

[2] The Court finds that Plaintiff has complied with the requirements of D. Kan. Rule 37.2.

[3] 31 U.S.C. § 3730(b)(2).

[4] *See* ECF Nos. 10, 20.

[5] ECF No. 26.

2

### III.     Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.  As recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Considerations of both relevance and proportionality now govern the scope of discovery.[7] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[8] Information still "need not be admissible in evidence to be discoverable."[9]  The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[10]

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[11]  Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations.  If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[12]  In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14]  Relevancy determinations are generally made on a case-by-case basis.[15]

In this action, the Court finds that the relevancy of the discovery called for by Plaintiff's opening interrogatories and request for production of documents is apparent on its face.  The requests directly relate to the claims Plaintiff asserts or to the defenses raised by Defendant.  Defendant argues that the discovery requests to which it objected, looked at through a variety of

---

[11] *Id.*

[12] *Id.*

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

ways, are not proportional to Plaintiff's needs in the case.  With one exception noted below, the Court disagrees.

Plaintiff begins her argument by responding to Defendant's common and often boilerplate objections.  The Court finds that to be an efficient approach and will fashion its analysis in the same manner.

## IV.     Defendant's Common and Boilerplate Objections

Plaintiff notes that defendant has answered a number of interrogatories and responded to several document requests "subject to" various objections.  Citing *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,*[16] Plaintiff argues that Defendant has waived all such conditional objections.   Conditional objections occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[17]  In its response, Defendant does not address the argument.  The Court has reviewed each of the actual interrogatory and document request responses[18] and finds that they are indeed classic conditional objections.  Defendant's typical response begins with objections and then states the following: "Subject to and without waiving these objections, . . .**"**  Judge O'Hara has written a thoughtful examination of conditional objections which catalogs the reasons various courts have given as to

---

[16] Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544 (D. Kan. Feb. 11, 2014) ("*Sprint I*").

[17] *Westlake v. BMO Harris Bank N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 1569963 (D. Kan. April 18, 2014) ("*Sprint II*")).

[18] Defendant made conditional objections to Interrogatory Nos. 1-10, 14-18, and 20, and to document request Nos. 2-6, 9-15, 18-20, 24, 27, 28, 32, and 36.

why such objections are invalid and unsustainable.[19]   Among the reasons is that objections followed by an answer "preserve nothing and serve only to waste the time and resources of both the Parties and the Court."[20]   As another court noted, "answering subject to an objection lacks any rational basis.   There is either a sustainable objection to a question or request or there is not.[21]   In this case, Defendant's conditional objections leave the reader confused as to whether the answers are complete and all requested documents are identified.   Rules 33 and 34 demand an answer to an interrogatory, a statement that inspection or production will be permitted as requested, or an objection.   The discovery rules contemplate no other response.

The conditional nature of Defendant's objections provides ample reason to overrule the objections as invalid.   The Court will not rely solely on that ground, though, but will consider the parties' remaining arguments to offer guidance as they conduct additional discovery.

Before considering the individual requests and objections, the Court further notes that Defendant has asserted a number of boilerplate objections in which it merely states the objection without offering an explanation.   For example, Defendant asserts in conclusory fashion that certain requests are overly broad, unduly burdensome, vague and ambiguous.   These objections are not accompanied by facts justifying the objection or setting forth an assessment of the costs in time and/or money Defendant would incur if it produced the requested discovery.   As to the objection that certain interrogatories and discovery requests are vague and ambiguous, the language of the challenged requests is plain and the meaning of the words is evident.   To the

---

[19] *Sprint I.*

[20] *Id.* at *2 (quoting *Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008)).

[21] *Sprint I*, 2014 WL 545544, at *3 (quoting *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *2 (M.D. Fla. April 29, 2011)).

extent the boilerplate objections lack specificity, Defendant has not met its burden to show why the discovery requests are improper.[22]

Defendant also objects that the disproportionate burdens and costs of certain discovery requests cannot be justified.  In its discovery responses, Defendant offered no further explanation to accompany the objection.  In its response to the instant motion, however, Defendant devotes several pages to proportionality analysis, addressing the importance of the issues at stake in this case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the requested discovery in resolving the issues, and whether the burden or expense of the propose discovery outweighs its likely benefit.[23]  The Court is not persuaded by Defendant's arguments, which appear aimed more at telling Defendant's views of the merits of this action than at addressing whether Plaintiff's discovery requests are proportionate to the needs of the case.  The facts and evidence Plaintiff may or may not have learned in discovery to this point do not control the analysis of whether Plaintiff is entitled to the discovery she now seeks.  The discovery requests at issue relate to Plaintiff's claims or Defendant's defenses, are relevant on their face, and are proportionate to the needs of the case.

## V.  Specific Discovery Requests

The Court considers the specific discovery requests and Defendant's objections.

### A.  Interrogatories[24]

---

[22] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

[23] *See* ECF No. 100 at 9-15.

[24] Defendant asserts and Plaintiff does not contest that the parties have resolved their differences with respect to Interrogatory Nos. 1, 2, 10, 16, and 17.

Interrogatory No. 3 asks Defendant to provide information relating to whether its False Claims Act training programs comply with the requirements of the Deficit Reduction Act of 2005.  Defendant poses a number of boilerplate objections with no explanation, which the Court overrules.  However, the premise of the interrogatory is faulty in that it posits a statutory requirement that does not exist; the Deficit Reduction Act of 2005 contains no training requirement.[25]  Plaintiff describes Defendant as "quibbling" over the use of the word training, but reading into a statute an obligation it does not impose is not quibbling.  The Court denies Plaintiff's motion with respect to Interrogatory No. 3.

Interrogatory No. 4 asks for information concerning a process for patients who arrive at LMH other than by ambulance with complaints of chest pain and/or cardiac symptoms.  The Court overrules Defendant's boilerplate objections that contain no explanation, and rejects Defendant's argument that Plaintiff's deposition testimony undermines the question.  The interrogatory seeks information about Defendant's process, which is not ambiguous or otherwise objectionable.  Plaintiff has agreed to limit this request to 2009 forward.  As limited, the Court overrules Defendant's objections and grants Plaintiff's motion with respect to Interrogatory No. 4.

Interrogatory No. 5 asks for information LMH reported to the Centers for Medicare and Medicaid Services ("CMS") on particular reports from January 2008 to the present.  The interrogatory is straightforward and related to the subject matter of Plaintiff's claims.  The Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to Interrogatory No. 5.

---

[25] *See* 42 U.S.C. § 1396a(a)(68).

Interrogatory No. 7 seeks Defendant's factual support for contentions in nine paragraphs of its Answer to Plaintiff's Second Amended Complaint.  Defendant objects that the interrogatory misstates its Answer.  On the contrary, the request merely asks for the basis of Defendant's assertion.  Defendant may withdraw its objections and answer by stating that it does not make the contention stated in the interrogatory, if that is the case.  Otherwise, the Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to Interrogatory No. 7.

Interrogatory No. 8 seeks additional information and documents relating to statements made by LMH Emergency Department Director Joan Harvey to Emergency Department staff.  The Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to Interrogatory No. 8.

Interrogatory No. 9 asks Defendant to explain certain entries on LMH Emergency Department Chest Pain Audit records.  Defendant objects and argues that it did not use the information as Plaintiff alleges.  Defendant's denial that it uses the information as Plaintiff alleges does not shield from discovery a request for relevant information. The Court overrules Defendant's objection and grants Plaintiff's motion with respect to Interrogatory No. 9.

Interrogatory No. 11 asks whether it has ever been LMH's practice for Emergency Department staff to make only non-electronic notes during the intake, triage and treatment of chest pain and cardiac patients prior to the time of administration of an ECG and, if so, for additional information about the practice.  Defendant objects that the phrases "LMH's practice" and "for [Emergency Department] staff" are vague, ambiguous, and unintelligible.  The Court rejects such a nonsensical objection, along with the other unsupported boilerplate objections. The Court grants Plaintiff's motion with respect to Interrogatory No. 11.

Interrogatory No. 12 asks Defendant to state whether LMH has ever threatened to discipline or has disciplined any employee for opposing or failing to follow any practice designed to conceal or change the actual hospital arrival time of chest pain or cardiac patients and, if so, for additional information about the incidents.  Defendant answered by rejecting the assumption of the interrogatory which they claim makes it objectionable.  The interrogatory makes no assumption, but instead asks for facts relevant to Plaintiff's claims.  The Court overrules Defendant's unsupported objections and grants Plaintiff's motion with respect to Interrogatory No. 12.

Interrogatory No. 15 asks Defendant to describe the process by which LMH tracks and reports quality measures CMS tracks for purposes of Hospital Value-Based Purchasing. Defendant objects that "tracking" and "reporting" are vague and ambiguous.  The Court rejects this objection out of hand.  Defendant further objects that the interrogatory is not reasonably limited in time or scope.  Plaintiff agrees to limit the request to 2009 to the present, which the Court finds to be a reasonable limitation.  As to the remaining boilerplate objections, the Court overrules them and grants Plaintiff's motion with respect to Interrogatory No. 15.

Interrogatory Nos. 20 and 21 ask whether Defendant ever communicated with any CMS agent or representative or with any other hospital about the difference between the Median-to-ECF times LMH reported to CMS and other hospitals reported to CMS.  Defendant argues that the interrogatories are not reasonably limited in time or scope.  With Plaintiff's agreement to limit the request to 2010 forward, the Court finds the requests as modified to contain a reasonable limitation.  The Court disagrees that the interrogatories contain a false assumption, as they contain no assumption at all.  The Court grants Plaintiff's motion with respect to

Interrogatory Nos. 20 and 21 and further directs Defendant to provide Bates numbers for the referenced documents listed in its answer to the former.

**B.      Requests for Production**

In RFP No. 4, Plaintiff seeks all documents Defendant relies upon to assert that any government agency (including CMS) knew about and approved of the practice of using the ECG time of cardiac or chest pain patients as the hospital arrival time.  Defendant objects to the request as argumentative.  The Court disagrees.  If Defendant makes no such assertion, or if no responsive documents exist, Defendant should so state.  The Court grants Plaintiff's motion with respect to RFP No. 4.

Similarly, RFP No. 5 asks Defendant to produce all documents LMH relies upon to assert that it could obtain maximum reimbursement from CMS under the Hospital Value-Based Purchasing ("HVBP") program by having door-to-ECG times of three minutes or less. Defendant objects to the request as argumentative in that it incorrectly suggests LMH makes an assertion it does not make.  For the same reason as RFP No. 4, the Court grants Plaintiff's motion regarding RFP No. 5.

In RFP No. 6, Plaintiff asks Defendant to produce all documents that show how LMH calculated a "median time to ECG" of zero minutes.  Defendant objects that the request seeks irrelevant information.  The Court disagrees.  Defendant also states boilerplate objections, but failed to address this RFP in its response to Plaintiff's motion.  The Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to RFP No. 6.

In RFP No. 7, Plaintiff seeks all "ED Chest Pain Audit Charts" or substantially similar documents Defendant used from October 1, 2010 to present.  Defendant makes only boilerplate

objections without a factual basis.  The Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to RFP No. 7.

In RFP Nos. 10 and 11, Plaintiff seeks documents Defendant relies on to make certain assertions regarding HVBP-tracked measures.  Defendant objects to both with boilerplate objections and by stating that the requests mischaracterize Defendant's assertions.  The Court disagrees.  The requests seek documents underlying Defendant's assertions without characterizing them in any fashion.  The Court overrules Defendant's unsupported boilerplate objections and grants Plaintiff's motion with respect to RFP Nos. 10 and 11.

In RFP No. 36, Plaintiff requests all communications for a given time between or among any of LMH's directors, officers, or employees regarding EKG or ECG times in certain specified situations.  Defendant asserts boilerplate objections with no factual support.  The Court finds this request to be overbroad, however, in that it asks for "all communications" which would include documents that may not be in Defendant's control and information that may be difficult and expensive to capture.  Absent refinement of the request and discussion by the parties of ESI protocol and search terms, the Court denies Plaintiff's motion with respect to RFP No. 36.

IT IS HEREBY ORDERED that Relator/Plaintiff Megen Duffy's Motion to Compel (ECF No. 99) is GRANTED IN PART AND DENIED IN PART.  The motion is DENIED with respect to Interrogatory No. 3 and Request for Production No. 36.  The motion is GRANTED with respect to Interrogatory Nos. 4, 5, 7, 8, 9, 11, 12, 15, 20, and 21, and Request for Production Nos. 4, 5, 6, 7, 10, and 11.  Within 14 days of the date of this order, Defendant Lawrence Memorial Hospital shall provide such answers responsive to Qui Tam Plaintiff's First Interrogatories to Defendant/Counter Claimant and produce such documents responsive to Qui

Tam Plaintiff's First Request for Production of Documents to Defendant/Counter Claimant consistent with this order.

      IT IS SO ORDERED.

      Dated this 21st day of December, 2016 at Kansas City, Kansas.


                *s/ Teresa J. James*
                Teresa J. James
                U.S. Magistrate Judge