**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MEGEN DUFFY, ) | |
| ) | |
| Relator/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-2256-SAC-TJJ |
| ) | |
| LAWRENCE MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Counter Claimant Lawrence Memorial Hospital's ("LMH") Motion to Challenge Qui Tam Plaintiff's Confidentiality Designations Pursuant to Agreed Protective Order (ECF No. 102). LMH challenges the claim by Qui Tam Plaintiff Megen Duffy that three documents she produced in discovery are "Confidential" pursuant to the Parties' Agreed Protective Order.[1] Consistent with the terms of the Protective Order, to date the parties have treated the three documents as Confidential Information and Defendant did not file them as exhibits in support of its Response in Opposition to Duffy's Motion to Compel.[2] Instead, Defendant submitted the documents to the undersigned Magistrate Judge for *in camera* review in connection with the motion to compel, but now seeks an order removing the "Confidential" designation. Plaintiff opposes the motion.[3] As set forth below, the Court grants the motion.

---

[1] ECF No. 38.

[2] *See* ECF No. 99 (Relator/Plaintiff Megen Duffy's Motion to Compel); ECF No. 100 (Defendant/Counter Claimant Lawrence Memorial Hospital's Response in Opposition to Qui Tam Plaintiff Megen Duffy's Motion to Compel).

[3] The government has chosen not to intervene in this case. *See* ECF No. 19. After doing so, however, the government filed an opposition to an earlier motion to compel filed by LMH,

1

## I. Relevant Background

Plaintiff brings this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against her former employer, Lawrence Memorial Hospital ("LMH"), alleging in part that LMH submitted false information to the federal government in order to maximize reimbursement from federal medical care programs. As required by the FCA, Plaintiff served a "copy of the complaint and written disclosure of substantially all material evidence and information" she possessed on the United States Attorney for the District of Kansas to permit the government an opportunity to elect to intervene in the action.[4] After the government elected not to prosecute the action,[5] Plaintiff's second amended complaint was unsealed and Plaintiff served LMH. Defendant answered the second amended complaint and asserted counterclaims against Plaintiff for breach of contract and fraud.[6] Discovery commenced, and with it came disputes and a series of discovery motions by the parties.[7] This is another in that series.

On October 7, 2016, Defendant's counsel notified Plaintiff's counsel that Defendant was removing any confidential designation from all deposition exhibits offered to date, and inquired

---

which addressed Plaintiff's claims of privilege for two of the three documents at issue herein. *See* ECF No. 48. The government has not filed a response to the instant motion.

[4] 31 U.S.C. § 3730(b)(2).

[5] *See* ECF Nos. 10, 20.

[6] ECF No. 26.

[7] Two of the documents at issue were also the subject of an earlier motion to compel. Plaintiff had withheld production of Exhibits D and L as privileged work product between the government and Plaintiff's counsel. Defendant filed a motion to compel challenging the claimed privilege as to these and other documents (ECF No. 47), and Magistrate Judge James P. O'Hara granted the motion with respect to Exhibits D and L. *See* ECF No. 55.

2

if Plaintiff would agree to do the same.[8]  That same day, Defendant's counsel submitted three of Plaintiff's confidential documents to Magistrate Judge James P. O'Hara for *in camera* review in connection with Defendant's response to Plaintiff's motion to compel.[9]  Under the terms of the parties' Agreed Protective Order,[10] Defendant was required to protect the documents from public disclosure until and unless Defendant successfully challenged the confidential designation,[11] and Defendant was therefore precluded from filing the documents as exhibits to its response.

Plaintiff's counsel refused to retract the confidential designation,[12] and this motion followed.

## II.     Summary of the Parties' Arguments

Defendant contends that the documents at issue do not warrant a confidential designation under the terms of the parties' Agreed Protective Order.  Defendant further argues that potential public disclosure of the documents is not so harmful as to require an order prohibiting their disclosure.  Plaintiff disagrees, arguing that each document has been kept confidential, disclosure would be harmful to Plaintiff, the United States, and a third party, and that the documents are not relevant to any issue in the case.

## III.    Legal Standard

---

[8] *See* ECF No. 102-1.

[9] *See id.*  At the time, Magistrate Judge O'Hara was assigned to this case.   On November 1, 2016, the case was reassigned from Magistrate Judge O'Hara to the undersigned Magistrate Judge.  *See* ECF No. 101.

[10] The court entered the Agreed Protective Order on a finding of good cause under Fed. R. Civ. P. 26(c).  *See* ECF No. 38 at 2.

[11] *See id.* ¶¶7, 8.

[12] *See* ECF No. 102-5.  Plaintiff agreed to de-designate certain documents as confidential, but not others, including Exhibits D, L, and M, which are the subject of this motion.

Federal Rule of Civil Procedure 26 authorizes a court "for good cause" to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[13] The Agreed Protective Order in this case explicitly directs that the burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.[14] When a party challenges such designation, the "good cause" standard of Rule 26(c) governs, and the party asserting confidentiality must make a particular showing for each document at issue of specific prejudice or hardship that will arise from its disclosure.[15]

## IV.  The Documents Identified as Confidential

The documents, whose exhibit designations are those assigned by Defendant as attachments to its response to Plaintiff's motion to compel,[16] include the following: (1) Exhibit D—Plaintiff's disclosure statement to the government, mandatory in a qui tam case, which discloses "all material evidence and information" she possesses; (2) Exhibit L—a redacted version of an email sent by one of Plaintiff's attorneys to an Assistant U.S. Attorney before the qui tam action was filed, reciting factual details of Plaintiff's claims; and (3) Exhibit M—a February 2014 email (sent before the complaint was filed) from Plaintiff to an individual

---

[13] Fed. R. Civ. P. 26(c)(1)(G).

[14] *See* ECF No. 38 ¶8.

[15] *Murnane v. Las Vegas Metro. Police Dep't,* No. 2:13-cv-01088, 2015 WL 5638224, at *2-3 (D. Nev. Sept. 24, 2015); *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066, 2007 WL 4169628, at *1-2 (N.D. Cal. Nov. 20, 2007) ("Upon challenge, the designating party must justify each document by showing good cause and demonstrate that specific prejudice or harm will result if the . . . documents . . . are disclosed.").

[16] ECF No. 100.

Plaintiff identified in her Rule 26(a)(1)(A) initial disclosures as someone likely to have discoverable information in this action.

## V.     Analysis

Because a protective order, agreed to by the parties, has been entered in this case, the Court begins by determining whether the documents in question fall within the definition of confidential information contained therein.  The relevant Agreed Protective Order language is as follows:

> **2. Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:
>
>> Documents in Defendant's possession reflecting proprietary or sensitive business or financial information; personnel matters; and medical records containing "protected health information" as defined by the Health Insurance Portability and Accountability Act of 1996 or implementing regulations found at 45 CFR Parts 160 to 164 (collectively "HIPAA"); and personal, private financial and/or tax records relating to Plaintiff as well as documents containing Plaintiff's complete social security number and date of birth.[17]

As the language indicates, the parties agreed to limit their confidential designation to certain categories of documents.  None of the documents at issue fall within the limitation of "personal, private financial and/or tax records relating to Plaintiff."  Nor do the documents contain Plaintiff's social security number or date of birth.[18]  Accordingly, the Agreed Protective

---

[17] *Id.* ¶2.

[18] Redaction is the most common method to avoid withholding documents containing social security numbers and dates of birth.

Order does not provide a basis for the Court to conclude that the documents at issue are entitled to the shield of confidentiality.

Although Defendant must articulate the basis for its challenge, Plaintiff bears the burden to prove a confidentiality designation is necessary for each document.[19]  In their briefing, however, the parties continue their earlier practice of calling into question the other's motives and credibility and arguing about the strength of the evidence.  None of that is relevant—or productive—to the Court's ruling.  This motion does not call for a ruling on admissibility, but is limited to determining whether Plaintiff has met her burden under Rule 26(c) of proving the necessity of the confidentiality designation.

Plaintiff argues that Exhibit D, the disclosure statement,[20] is confidential because it contains third-party witness names and contact information which were designed to allow the government to investigate Plaintiff's claims.  Plaintiff offers no support for her argument, which the Court rejects.  The government has declined to intervene in this case and Plaintiff is now litigating her claims directly against Defendant.  The parties have made their Rule 26(a)(1)(A) initial disclosures, and in her document Plaintiff includes the name of every witness identified in the disclosure statement.  One of these witnesses has been deposed.

---

[19] "A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality."  Agreed Protective Order (ECF No. 38 ¶8).  The "good cause" provision of Rule 26(c) assigns the burden.

[20] The False Claims Act requires a person bringing an action on behalf of the United States to serve the government with a copy of the complaint and "written disclosure of substantially all material evidence and information the person possesses."  37 U.S.C. § 3730(b)(2).

Judge O'Hara ruled that the disclosure statement is discoverable, describing it as "a factual summary of Duffy's allegations and a discussion of eight potential witnesses."[21] Plaintiff has no reasonable basis to think that the names of potential witnesses would be shielded from public view. Once a qui tam plaintiff discloses facts she will rely on to support her contentions, and those facts are then shared with the government for its use or hers in prosecuting the claims, "no expectation of privacy could reasonably exist with respect to either the information and facts contained in the Disclosure Statement, or to the Disclosure Statement itself."[22] Plaintiff has not demonstrated that public disclosure of Exhibit D would cause specific prejudice or hardship, and therefore the exhibit does not constitute "Confidential Information" as that term is defined in the Agreed Protective Order.[23]

With respect to Exhibit L, a redacted version of an email from one of Plaintiff's counsel to an Assistant U.S. Attorney, Plaintiff states that the email was "intended and expected to be maintained confidential" between Plaintiff and the government.[24] Presumably it is Plaintiff who held that intent and expectation, but neither would be reasonable. The redacted email contains nothing more than Plaintiff's version of the factual details of the case, which would be used either by the government or by Plaintiff as a basis for this lawsuit. No expectation of privacy

---

[21] ECF No. 55 at 6.

[22] *U.S. ex rel. Stone v. Rockwell Internat'l Corp.*, 144 F.R.D. 396, 400 (D. Colo. 1992).

[23] Plaintiff also argues, with respect to Exhibits D and L, that they should be treated as confidential because they were prepared for the exclusive use of the government in deciding whether it would intervene in a qui tam action. Plaintiff offers no support for a finding that the exhibits should retain any confidentiality after the government elected not to prosecute the action, Plaintiff's second amended complaint was unsealed, and Plaintiff served Defendant with summons and the second amended complaint.

[24] ECF No. 106 at 4.

could reasonably exist with respect to the facts contained in the document.  Plaintiff has not demonstrated that public disclosure of Exhibit L would cause specific prejudice or hardship, and therefore the exhibit does not constitute "Confidential Information" as that term is defined in the Agreed Protective Order.

Finally, putting aside the extraneous arguments unrelated to whether Plaintiff has shown good cause for Exhibit M to be deemed confidential, Plaintiff argues a strong expectation of privacy exists because it is a private email from Plaintiff to a third party sent to and from private email accounts.  In support of her argument, Plaintiff cites a case involving a claim for emotional distress which discusses the discoverability of a diary or email containing the writer's feelings, and a criminal case discussing an individual's reasonable expectation of privacy in an email in the context of the Fourth Amendment.[25]  Those cases are not applicable.  Plaintiff has produced the email in discovery, so whether it is discoverable is not at issue.  The subject matter of the email is limited to Plaintiff's claims of fraud against Defendant, and the contents contain no information about the recipient.  Finally, the recipient is an individual Plaintiff identified in her Rule 26(a)(1)(A) initial disclosures as someone likely to have discoverable information.  Plaintiff has not demonstrated that public disclosure of Exhibit M would cause specific prejudice or hardship, and therefore the exhibit does not constitute "Confidential Information" as that term is defined in the Agreed Protective Order.

IT IS THEREFORE ORDERED that Defendant/Counter Claimant Lawrence Memorial Hospital's ("LMH") Motion to Challenge Qui Tam Plaintiff's Confidentiality Designations Pursuant to Agreed Protective Order (ECF No. 102) is GRANTED.  Defendant shall redact the

---

[25] ECF No. 106 at 5.

words "Confidential – Subject to Protective Order" from Exhibits D, L, and M and shall forthwith electronically file Exhibits D, L, and M as attachments to ECF No. 100.

IT IS SO ORDERED.

Dated this 13th day of January, 2017 at Kansas City, Kansas.

<u>*s/ Teresa J. James*</u>
Teresa J. James
U.S. Magistrate Judge