IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEGEN DUFFY,                                        )
                                                   )
                  Relator/Plaintiff,               )
                                                   )
v.                                                 )        Case No. 2:14-cv-2256-SAC-TJJ
                                                   )
LAWRENCE MEMORIAL HOSPITAL,     )
                                                   )
                  Defendant.                       )

## MEMORANDUM AND ORDER

This matter is before the Court on Relator/Plaintiff[1] Megen Duffy's Motion to Compel

(ECF No. 116).  Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rules 37.1 and

37.2, Plaintiff asks the Court to overrule objections and order Defendant Lawrence Memorial

Hospital to produce documents responsive to Qui Tam Plaintiff's Second Request for Production

of Documents to Defendant/Counter Claimant.  Defendant opposes the motion.  As set forth

below, Plaintiff's motion is granted in part and denied in part.

## I.      Relevant Background

Plaintiff served her second document requests on October 7, 2016, and Defendant

responded on November 4, 2016.  Defendant's response contained objections to nineteen of the

twenty-one requests.  On December 2, 2016, Plaintiff provided written notice to Defendant that

Plaintiff believed certain responses were inadequate and certain objections were improper.

Plaintiff obtained an extension of time to file a motion to compel, and the parties conferred and

resolved their disagreement on two of the disputed requests.  Ultimately, differences remained

with respect to the vast majority of Plaintiff's second document requests and Plaintiff filed the

---

[1] Because the United States declined to intervene in this qui tam action, the Court will refer to
Relator as Plaintiff.

instant motion.  Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. Rule 37.2.

Plaintiff requests in her motion that the Court overrule Defendant's objections and order Defendant to produce documents responsive to seventeen requests for production.[2]  Throughout counsel's written exchanges concerning these discovery requests, Defendant has not withdrawn any of its objections.  Accordingly, the Court has examined those objections and Plaintiff's responses thereto.  The Court is now prepared to rule on the disputes at issue in Plaintiff's motion to compel.

## II.      Summary of the Parties' Arguments

Plaintiff brings this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against her former employer, Lawrence Memorial Hospital ("LMH"), alleging in part that LMH submitted false information to the federal government in order to maximize reimbursement from federal medical care programs.  As required by the FCA, Plaintiff served a "copy of the complaint and written disclosure of substantially all material evidence and information" she possessed on the United States Attorney for the District of Kansas to permit the government an opportunity to elect to intervene in the action.[3]  After the government elected not to prosecute the action,[4] Plaintiff's Second Amended Complaint was unsealed and Plaintiff

---

[2] Plaintiff indicates in her reply that she withdraws her motion with respect to Request No. 39. ECF No. 122 at 5.

[3] 31 U.S.C. § 3730(b)(2).

[4] *See* ECF Nos. 10, 20.

served LMH.  Defendant answered the Second Amended Complaint and asserted counterclaims against Plaintiff for breach of contract and fraud.[5]

## III.    Defendant's Approach

The discovery topics in Plaintiff's second request for production of documents, and Defendant's objections thereto, are much the same as those addressed in Plaintiff's first motion to compel.[6]  Consequently, Plaintiff's motions are quite similar, as are Defendant's briefs in response.  In this round, however, Defendant devotes an even greater share of its brief to arguing it should not have to respond to Plaintiff's discovery because Plaintiff's deposition testimony does not provide evidence to support allegations in her Second Amended Complaint.  Defendant relies heavily on dicta in *Koch v. Koch Industries*, 203 F.3d 1202, 1238 (10th Cir. 2000), to buttress its contention that Plaintiff's pleading has no factual basis to support its "broad and non-specific allegations" and the Court should therefore curtail Plaintiff's discovery and deny the instant motion.

The procedural history of *Koch* is instructive to an understanding of the Tenth Circuit opinion in the case.  The district judge ruled that plaintiffs' fraud claims could proceed only with respect to allegations that defendants had misrepresented and concealed information about three particular wells, finding the complaint's allegations of misrepresentations to conceal stock value did not satisfy the particularity pleading requirement of Federal Rule of Civil Procedure 9(b).[7]  The district judge granted plaintiffs leave to amend their complaint, and used the amended pleading in determining whether plaintiffs' later discovery requests were relevant.  The Tenth

---

[5] ECF No. 26.

[6] ECF No. 99.

[7] 203 F.3d at 1236.

Circuit's review of the district judge's relevancy ruling is what Defendant LMH relies upon to oppose the instant motion.

Included in plaintiffs' discovery in *Koch* were subpoenas to six banks and one additional non-party seeking documents relating to loans and oil and gas reserves involving the corporate defendant. The magistrate judge limited the subpoenas to require the non-parties to produce documents related to certain properties and assets held by the corporate defendant, and the district judge affirmed. In so doing, the district judge determined that the amended complaint did not delineate allegations of financial impropriety with sufficient particularity under Rule 9(b) "to justify discovery into all accounting documents and practices of [the corporate defendant] during the relevant time period."[8] The district judge also found the burden and expense to the non-parties in producing the documents far outweighed plaintiffs' "mere hope" that they might find something upon which to base a claim.[9]

The Tenth Circuit, reviewing the discovery rulings under an abuse of discretion standard, concluded the two paragraphs of the amended complaint plaintiffs relied on to argue that their discovery requests were relevant, contained only broad allegations that defendants had not provided financial information to plaintiffs in accordance with generally accepted accounting principles. The court affirmed the district judge's rulings, which "appropriately recognized that the likely benefit of this attempted fishing expedition was speculative at best," and demonstrated an understanding "that to require the six banks and the [other non-party] to produce the massive

---

[8] *Id.* at 1237-38.

[9] *Id.*

amount of documents requested, first weeding out privileged and confidential records, would

impose a serious burden and expense on these non-parties."[10]

As it did in response to the last motion to compel, Defendant LMH quotes the following

dicta from *Koch*:

> When a plaintiff first pleads its allegations in entirely indefinite
> terms, without in fact knowing of any specific wrongdoing by the
> defendant, and then bases massive discovery requests upon those
> nebulous allegations, in the hope of finding particular evidence of
> wrongdoing, that plaintiff abuses the judicial process.[11]

This Court recognizes the applicability of that statement in the context of *Koch*, but in "carefully

applying the *Koch* decision," as Defendant urges,[12] the Court finds it does not control.  The issue

*Koch* raises is relevancy.

## IV.    Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and

provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not
> be admissible in evidence to be discoverable.[13]

---

[10] *Id.* at 1238.

[11] ECF No. 119 at 11 (quoting *Koch,* 203 F.3d at 1238).

[12] ECF No. 119 at 3.

[13] Fed. R. Civ. P. 26(b)(1).

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[14] Information still "need not be admissible in evidence to be discoverable."[15]  When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[16]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[17]  Relevancy determinations are generally made on a case-by-case basis.[18]

In this action, the Court finds that the relevancy of the discovery called for by Plaintiff's second request for production of documents is apparent on its face.  The requests directly relate to the claims Plaintiff asserts or to the defenses raised by Defendant.  Unlike in *Koch*, Plaintiff's claims have not been narrowed by a ruling challenging the sufficiency of her original or first amended complaints.  And here, the discovery is sought from a party, rather than from non-parties as in *Koch*.  Finally, the subpoenaed entities in *Koch* provided evidence of the burdensome and costly undertaking they would each undergo if forced to comply with the

---

[14] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[17] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[18] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

subpoenas.  Here, Defendant objects to every document request as being unduly burdensome, but

provides no facts to support the objection.  Neither does Defendant provide evidence of the costs

it would incur in responding to the requests.

Defendant argues that the discovery requests to which it objected, looked at through a

variety of ways,[19] are not proportional to Plaintiff's needs in the case.  With the exceptions noted

below in which the requests lack a necessary temporal limitation or a request is not sufficiently

narrowed to apply to Plaintiff's claims, the Court disagrees.  The document requests are specific

and tailored to the claims asserted in the Second Amended Complaint or Defendant's defenses.

Neither does the Court find support for Defendant's ubiquitous statement that Plaintiff

has represented to the federal government and this court that she has direct, unique personal

knowledge of the allegations of wrongdoing,[20] but that her express claims of knowledge have

been undermined by her deposition testimony and interrogatory answers.  Defendant makes these

statements in support of its argument that Plaintiff is merely on a fishing expedition, looking to

use the discovery process to see if the fraud or wrongdoing she alleges actually exists.  The

examples Defendant offers from Plaintiff's deposition and her interrogatory answers do not

---

[19] Defendant states it has incurred electronic data administration charges in the amount of
$79,187.96, but it provides no estimate of what it might cost to produce documents in response
to the requests at issue.  *See* ECF No. 119 at 9.

[20] The only times these words appear in the Second Amended Complaint are: (1) "Plaintiff
brings this action based upon direct and unique information obtained during the period of her
employment with Defendant." (ECF No. 18 ¶4); (2) "Relator has personal knowledge that she
and Defendant's entire Emergency Department were directed to falsify records regarding the
timed performance measures that determined the level of incentive payments Defendant received
under the Value Based Purchasing program." (*Id.* ¶151); and (3) "Relator further has reason to
believe, in addition to those false claims of which Relator does have personal knowledge, that
investigation of other departments in the Hospital will reveal further violations with reported
performance measures upon which HVBP incentive payments and Total Performance Scores are
based." (*Id.* ¶153).

demonstrate that the Second Amended Complaint contains misrepresentations of facts about

which Plaintiff has direct, unique, and personal knowledge.  Moreover, Defendant's argument

distracts from the issue at hand, i.e. whether the discovery requested is relevant and discoverable.

## V.      Defendant's Common and Boilerplate Objections

Before considering the individual requests and objections, the Court notes that Defendant

has asserted a number of boilerplate objections in which it merely states the objection without

offering an explanation.  For example, Defendant asserts in conclusory fashion that certain

requests are overly broad, unduly burdensome, and harassing.  These objections are not

accompanied by facts justifying the objection or setting forth an assessment of the costs in time

and/or money Defendant would incur if it produced the requested discovery.  Instead, in many

instances Defendant argues that Plaintiff has no factual basis to make the discovery request.  The

facts and evidence Plaintiff may or may not have learned in discovery to this point do not control

the analysis of whether Plaintiff is entitled to the discovery she now seeks.   To the extent the

boilerplate objections lack specificity, Defendant has not met its burden to show why the

discovery requests are improper.[21]  The discovery requests at issue relate to Plaintiff's claims or

Defendant's defenses, are relevant on their face, and except where noted are proportionate to the

needs of the case.

## VI.     Specific Discovery Requests

The Court considers the specific discovery requests and any objections not previously

addressed.[22]

---

[21] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

[22] Although Plaintiff originally included RFP No. 39 in her motion, she has abandoned it.  *See* ECF No. 122 at 5.

In RFP No. 40, Plaintiff seeks records showing the arrival time of LMH Emergency Department patients over the age of 17 who had complaints of chest pain or acute myocardial infarction.  The request is limited to the period October 1, 2010 to present.  As Plaintiff explains, she seeks this information to compare actual arrival times to the times Defendant submitted to CMS.  The requested discovery seeks evidence of falsification of arrival times, an issue central to Plaintiff's fraud allegations.  The Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP No. 40.

RFP No. 41 is similar to RFP No. 40, except it seeks ECG or EKG information and times for the same group of patients over the same time period.  For the same reasons as stated with regard to RFP No. 40, the Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP No. 41.

Also along the same lines, RFP No. 43 seeks nurse notes, cheat sheets, time stamps, and other electronically stored or paper notes or records for the same group of patients.  The request does not contain a time limitation.  Although the Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP No. 43 for the reasons stated above, the Court restricts the request to the period from October 1, 2010 to the present.

In RFP No. 44, Plaintiff seeks all of Defendant's written record retention policies, including those governing retention of electronically-stored information.  Plaintiff argues the policies would be instructive on which records Defendant routinely destroyed and when, as well as the format and location of existing records.  Defendant objects that the request is not reasonably limited in time frame or scope.  The Court agrees.  The RFP shall be limited to Defendant's written record retention policies that apply to patient records and records Defendant

developed and reported to CMS through use of those patient records, which record patient arrival times, during the period October 1, 2010 to the present.  The Court grants Plaintiff's motion with respect to RFP No. 44 as modified.

Request Nos. 45, 53 and 54 all seek documents created by or pertaining to Defendant's Patient Admissions Throughput team, including its creation, assignment to and membership of the team.  Except for documents relating to the team's creation, the requests seek documents dating from October 1, 2010 to present.  Defendant disagrees that patient throughput has anything to do with the fraud Plaintiff alleges, but Plaintiff explains that patient throughput relates to timed events on the Emergency Room floor which Defendant is required to track and report.  Plaintiff states that Defendant's untruthful and inaccurate reporting of information including patient throughput times is part of the fraud she alleges, and Plaintiff's Second Amended Complaint does allege untruthful and inaccurate noncompliant reporting on the IQR, including specifically regarding throughput times.[23]  Accordingly, documents relating to the Patient Admissions Throughput team are relevant and discoverable.  The Court finds that RFP No. 45, which seeks all documents created by or pertaining to the team from October 1, 2010 to present, is not proportional to Plaintiff's needs, and the Court limits its grant of Plaintiff's motion with respect to RFP No. 45 to exclude the request for all documents "pertaining to" the team during that time period.  The Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP Nos. 53 and 54.

Defendant recognizes that RFP Nos. 46 through 52 also relate to patient throughput, but more specifically they seek documents mentioned in or related to information contained in an internal LMH email.  For the reasons discussed above, the Court overrules Defendant's

---

[23] *See* Second Amended Complaint (ECF No. 18) ¶¶ 161-63.

objections and grants Plaintiff's motion with respect to RFP Nos. 46 through 52.  With respect to

RFP Nos. 46 and 47, however, the Court directs the production of documents dating from

October 1, 2010 to present.

In RFP No. 56, Plaintiff seeks to supplement documents produced by a third party in

response to a subpoena from Defendant.  The documents relate to Medicare training.  As

Plaintiff explains, training is relevant to Defendant's institutional knowledge of the accuracy of

its recording and reporting methods, which is at issue in Plaintiff's allegations.[24]  The Court

overrules Defendant's objections and grants Plaintiff's motion with respect to RFP No. 56.

Finally, in RFP No. 58 Plaintiff seeks documents relating to patients transferred to or

from other medical facilities with complaints of chest pain or acute myocardial infarction.  The

information Plaintiff seeks is arrival times.  While the Court finds the request appropriate for the

same reasons stated as to RFP No. 40, it grants Plaintiff's motion with respect to RFP No. 58

with the limitation that it seeks documents from October 1, 2010 to the present.

## VII.    Plaintiff's Request for Sanctions

In her reply, Plaintiff urges the Court to grant her motion in toto and award sanctions

pursuant to Fed. R. Civ. P. 37(a)(5)(A).[25]  In response, Defendant has filed a motion seeking

permission to file a surreply to address the issue of sanctions.[26]  Because the Court is granting

Plaintiff's motion in part and effectively denying it in part by modifying certain requests, the

Court must instead be guided by Fed. R. Civ. P. 37(a)(5)(C), which permits but does not require

---

[24] As Defendant points out, the Court noted in its Memorandum and Order on Plaintiff's Motion to Compel (ECF No. 99) that the Deficit Reduction Act of 2005, 42 U.S.C. § 1396a(a)(68), contains no training requirement.  *See* Memorandum and Order (ECF No. 118) at 8.

[25] ECF No. 122 at 8-9.

[26] ECF No. 125.

a court to apportion reasonable expenses for a motion to compel after giving the parties an

opportunity to be heard.[27]   The Court declines to award expenses related to the instant motion.

**VIII.   Defendant's Motion to File Surreply**

Defendant seeks leave to file a surreply to address Plaintiff's request for sanctions and to

include an inadvertently omitted reference to RFP 43 in the discussion of RFP Nos. 40 and 41 in

its opposition to the instant motion.[28]   Plaintiff does not oppose Defendant's motion for leave to

file a surreply.[29]   The Court will grant the motion.

IT IS HEREBY ORDERED that Relator/Plaintiff's Motion to Compel Regarding

Defendant's Responses and Objections to Qui Tam Plaintiff's Second Request for Production of

Documents to Defendant (ECF No. 116) is GRANTED IN PART AND DENIED IN PART.

The motion is GRANTED with respect to Request for Production Nos. 40, 41, 46-54, and 56.

The motion is DENIED insofar as the Court has modified Request for Production Nos. 43-47 and

58.   Within 14 days of the date of this order, Defendant Lawrence Memorial Hospital shall

produce documents responsive to Qui Tam Plaintiff's Second Request for Production of

Documents to Defendant consistent with this order.

IT IS FURTHER ORDERED that Defendant/Counterclaimant Lawrence Memorial

Hospital's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel

---

[27] "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."   Fed. R. Civ. P. 37(a)(5)(C).

[28] Defendant/Counterclaimant Lawrence Memorial Hospital's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel Regarding Defendant's Responses and Objections to Qui Tam Plaintiff's Second Request for Production of Documents (ECF No. 125).

[29] Memorandum in Response to Defendant/Counterclaimant Lawrence Memorial Hospital's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion to Compel Regarding Defendant's Responses and Objections to Qui Tam Plaintiff's Second Request for Production of Documents (ECF No. 127).

Regarding Defendant's Responses and Objections to Qui Tam Plaintiff's Second Request for

Production of Documents (ECF No. 125) is GRANTED.  Defendant shall electronically file the

surreply (ECF No. 125-1) within five days of the date of this order.

    IT IS SO ORDERED.

    Dated this 7th day of February, 2017 at Kansas City, Kansas.


                              *s/ Teresa J. James*
                              Teresa J. James
                              U.S. Magistrate Judge