# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEGEN DUFFY, ) | |
| ) | |
| Relator/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-2256-SAC-TJJ |
| ) | |
| LAWRENCE MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Compel (ECF No. 155). Pursuant to Federal Rule of Civil Procedure 45(g), Defendant asks the Court to enter an order directing non-party witness Wendy McCullough-Cantrell to attend her deposition pursuant to a subpoena dated February 24, 2017, and to assess monetary sanctions against her for having failed to appear for deposition on March 3, 2017. Plaintiff takes no position on the motion, but denies she is subject to sanctions for the witness's failure to appear. As set forth below, Defendant's motion is granted in part and denied in part.

## I. Relevant Background

Defendant served non-party witness Wendy McCullough-Cantrell with a subpoena noticing her to appear for deposition in this case on March 3, 2017.[1] On February 27 and 28, 2017, Ms. McCullough-Cantrell left voicemail messages with Defendant's counsel stating she would not attend the deposition on March 3 because it would cause her to lose income, and requesting the deposition be scheduled at a different time.[2] On March 2, Ms. McCullough-

---

[1] *See* Affidavit of Service (ECF No. 147).

[2] Ms. McCullough-Cantrell's first phone call must have come immediately after she was served with the subpoena. *Compare* Affidavit of David R. Frye (ECF No. 155-5) at 2 ("At 6:07 p.m. on February 27, 2017, Ms. McCullough-Cantrell left a voicemail message with Lathrop & Gage.")

1

Cantrell's wife left a voicemail for Defendant's counsel saying Ms. McCullough-Cantrell would not be appearing for her deposition on the following day, and shortly thereafter Ms. McCullough-Cantrell sent counsel an email repeating the message and stating she would be available by email only through March 3. Apparently Defendant's counsel did not return her telephone calls or reply to her email message, but instead contacted Plaintiff's counsel by email to relay the information.[3] Plaintiff's counsel replied, stating they had not agreed to produce Ms. McCullough-Cantrell and confirming she is not their client.[4]

Indeed, Ms. McCullough-Cantrell did not appear for deposition on March 3. Defendant's counsel made a record of her non-appearance with Plaintiff's counsel present.[5] Defendant argues Ms. McCullough-Cantrell failed without adequate excuse to obey the subpoena, and is thus in contempt and liable for Defendant's fees and the cost of having the subpoena enforced. Plaintiff takes no position on whether the Court should enter an order directing Ms. McCullough-Cantrell to appear for her deposition, but seeks to be absolved of responsibility for an award of fees and costs arising out of the scheduled deposition.

## II. Analysis

Federal Rule of Civil Procedure 45 permits a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to

---

*with* ECF No. 147 (affidavit of service showing personal service at 6:08 p.m. on February 27, 2017).

[3] *See* ECF No. 155-5 at 3.

[4] *Id.* On February 24, Plaintiff's counsel had first informed Defendant's counsel that they do not represent Ms. McCullough-Cantrell. *Id.* at 2.

[5] Defendant states that it incurred appearance costs of $254.20 for the court reporter and videographer.

it."[6] As the advisory committee's note points out, this language is intended to convey a court's authority to impose contempt sanctions on a person who disobeys a subpoena-related order, as well as one who wholly fails to comply with the subpoena.[7] This broadened authority allows courts to apply proportionate measures, first ordering compliance before holding a non-party in contempt. "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena."[8]

In the absence of opposition and seeing no apparent invalidity with service, form or content, the Court will order Ms. McCullough-Cantrell to comply with Defendant's subpoena. In addition to seeking compliance, Defendant asks the Court to find Ms. McCullough-Cantrell in contempt and impose sanctions in the form of paying the appearance fees Defendant incurred on March 3 along with the costs of this motion. Although it is undisputed that Ms. McCullough-Cantrell was properly served with a subpoena and failed to comply, the record also shows she contacted Defendant's counsel promptly and repeatedly to state she would not appear because doing so would cause her to lose income, and she asked counsel to change the date of her deposition. There is no indication Ms. McCullough-Cantrell refused to be deposed. Defendant's counsel did not return her phone calls or respond to her email, despite knowing she was not represented by Plaintiff's counsel.[9] While the letter of the rule entitled Defendant to rely on the

---

[6] Fed. R. Civ. P. 45(g).

[7] Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment.

[8] *Id.* The Court also notes that a measured approach gives a subpoenaed witness the opportunity to demonstrate whether an adequate excuse exists for noncompliance.

[9] Although Defendant's reply mentions current counsel for Ms. McCullough-Cantrell, the affidavit in support of the motion suggests that as of March 3, 2017, Ms. McCullough-Cantrell was not represented by an attorney.

subpoena to conduct the deposition as noticed, it would be unfair to ignore Ms. McCullough-Cantrell's immediate and repeated attempts to comply by seeking an alternative date. Accordingly, the Court will not impose sanctions at this time.

**IT IS HEREBY ORDERED** that Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Compel (ECF No. 155) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED insofar as non-party witness Wendy McCullough-Cantrell is ordered to appear for deposition in this case. Ms. McCullough-Cantrell shall cooperate with Defendant's counsel in scheduling her deposition and Defendant shall comply with the provisions of Fed. R. Civ. P. 30(a) and (b) in setting the deposition. The motion is DENIED insofar as it seeks sanctions for Ms. McCullough-Cantrell's failure to appear on March 3, 2017. The Court cautions Ms. McCullough-Cantrell that her failure to comply with this order may result in sanctions as provided by Fed. R. Civ. P. 45(g).

A copy of this order shall be sent to Ms. McCullough-Cantrell by regular mail and by email at the addresses provided by Defendant.

IT IS SO ORDERED.

Dated this 5th day of May, 2017 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge