# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MEGEN DUFFY, | ) | |
| | ) | |
| Relator/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-2256-SAC-TJJ |
| | ) | |
| LAWRENCE MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER AND FOURTH AMENDED SCHEDULING ORDER

On May 8, 2017, the Court conducted an in-person Status Conference to discuss and consider four outstanding motions. Relator/Plaintiff Megen Duffy[1] appeared through counsel, Sarah A. Brown, Robert K. Collins, Anthony E. LaCroix and Theodore J. Lickteig. Defendant Lawrence Memorial Hospital appeared through counsel, David R. Frye and Elizabeth D. Hatting. Prior to the conference, however, the Court issued a written order ruling on one of the four.[2] This order memorializes the oral rulings the undersigned Magistrate Judge made on Plaintiff's Motion to Modify Third Amended Scheduling Order (ECF No. 160), Defendant/Counterclaimant Lawrence Memorial Hospital's Motion for Extension of Time to Respond to Requests 59 and 61 and Request for Cost Shifting (ECF No. 163), and Relator's Motion for Partial Reconsideration of Redaction Component of Protective Order (ECF No. 169).

**Document No. 163**

---

[1] The Court hereinafter refers to Ms. Duffy as Plaintiff.

[2] *See* ECF No. 182 (ruling on Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Compel (ECF No. 155)).

1

Defendant seeks an extension of time from April 13[3] to May 26, 2017 to respond to Plaintiff's RFP Nos. 59 and 61, and to shift or divide the costs of redacting the responsive documents. The Court advised the parties that in ruling on Plaintiff's motion to compel Defendant to respond to those requests for production,[4] the Court had not intended to impose any protection on protected health information ("PHI") beyond that which HIPAA requires. The Court inquired of Defendant whether an order directing Defendant to produce the documents without redacting the information Defendant identifies as PHI[5] would cause Defendant to violate its HIPAA obligations. Defendant replied that such an order would not violate HIPAA, but Defendant would maintain concern for patient privacy.

In response, Plaintiff cited the applicable HIPAA regulation which allows a covered entity to disclose PHI without the patient's written permission pursuant to court order or when a qualified protective order is in place.[6] Defendant's counsel acknowledged the regulation would allow Defendant to produce documents to Plaintiff without redacting PHI, and made clear that Defendant's only ground for redaction is concern for patient privacy. Plaintiff's counsel indicated a willingness to narrow the protective order provisions in consideration of Defendant's

---

[3] Upon the filing of this motion, the Court suspended the April 13 deadline until the Court ruled on the motion. *See* ECF No. 166.

[4] *See* ECF No. 156.

[5] Defendant identifies as PHI the following information contained in the responsive documents: "patient names, Social Security numbers, dates of birth, addresses, phone numbers, fax numbers, email addresses, and credit card information as well as similar information for dependents or beneficiaries, and information regarding insurance policy and claim numbers, and patient and medical record numbers." ECF No. 163 at 2.

[6] *See* 45 C.F.R. § 164.512(e)(1)(i), (e)(1)(ii)(B), (e)(1)(v).

concern.  In response to questioning by the Court, Plaintiff confirmed her primary intended use of the documents at issue is by her expert witness(es).

The Court determined the existing protective order contains the provisions necessary under HIPAA to allow Defendant to produce the documents at issue without redaction. Accordingly, the Court granted in part and denied in part Defendant/Counterclaimant Lawrence Memorial Hospital's Motion for Extension of Time to Respond to Requests 59 and 61 and Request for Cost Shifting (ECF No. 163).  Defendant is granted an extension of time until May 26, 2017 to produce documents responsive to Request Nos. 59 and 61.  If Defendant feels it needs the protection of redaction, it may redact the documents before producing them by the deadline.  The Court denies Defendant's motion insofar as it seeks an order for Plaintiff to bear or share in the cost of redaction.  If Defendant decides not to redact (either within the confines of the current protective order or any narrowing of the order as agreed to by the parties), the Court encourages Defendant to produce the documents ahead of the deadline.

**Document No. 169**

Plaintiff asks the Court to modify its order allowing Defendant to respond to certain document requests by producing a random sampling of patient records.[7]  Plaintiff acknowledges Defendant has made the production contemplated by the Court's order and Plaintiff has reviewed most of those records.  According to Plaintiff, because Defendant uses a different computer system to report information to CMS than it uses for its underlying patient records, Plaintiff is unable to compare the records because Defendant has redacted all patient names, dates of birth, and medical records numbers from the latter group.  Plaintiff asks the Court to direct Defendant to reveal, in the random sample, the patient's date of birth and medical record number.  Plaintiff

---

[7] The Court's order is Doc. No. 133.

asserts those identifiers will allow for an accurate match of the records from the two systems and provide adequate protection of patient privacy.

Plaintiff also requests an extension of time to file a motion to compel with regard to Defendant's production. Plaintiff is not challenging the Court's decision to allow sampling, but has questions about the population from which Defendant chose the patient records.

Defendant takes no position on the redaction issue but asks that if the Court grants the motion, it order only that Defendant unredact the medical record number and date of birth in one location in each of the patient records. Defendant does not oppose the extension of time Plaintiff requests.

The Court granted Relator's Motion for Partial Reconsideration of Redaction Component of Protective Order (ECF No. 169) and directed Defendant to unredact the medical record number and date of birth the first time each such identifier appears in the patient records. The Court also extended until May 26, 2017 Plaintiff's deadline to file a motion to compel related to the production. The Court further directed counsel to discuss the issue immediately following the conference.

**Document No. 160**

Plaintiff seeks to modify the Third Amended Scheduling Order by extending the remaining deadlines by approximately four months. These deadlines include both parties' expert witness designations, rebuttal expert designations, close of discovery, proposed Pretrial Order and Pretrial Conference, and dispositive motions deadline. Defendant opposes the motion.

After hearing counsel's arguments and considering the status of discovery, the Court granted the motion in part. The Court extended the remaining deadlines by only approximately two months. The Court strongly encouraged counsel to confer and resolve their pending

discovery disputes in the hope that further extensions will be unnecessary. For good cause shown, the Court granted Plaintiff's Motion to Modify Third Amended Scheduling Order (ECF No. 160). The Third Amended Scheduling Order deadlines are amended as set forth in the chart below:

| Event | Current Deadline/Setting | New Deadline/Setting |
|---|---|---|
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** | **unchanged** |
| All discovery completed | **October 6, 2017** | **December 12, 2017** |
| Experts disclosed by plaintiff | **April 7, 2017** | **June 7, 2017** |
| Experts disclosed by defendant | **June 9, 2017** | **August 9, 2017** |
| Rebuttal experts disclosed | **July 14, 2017** | **September 14, 2017** |
| All other potentially dispositive motions (e.g. summary judgment) | **November 30, 2017** | **February 9, 2018** |
| Motions challenging admissibility of expert testimony | **45 days before trial** | **unchanged** |
| Proposed pretrial order due | **October 25, 2017** | **January 3, 2018** |
| Pretrial conference in Courtroom 236 | **November 1, 2017** | **January 10, 2018 at 10:30 AM** |

IT IS SO ORDERED.

Dated this 10th day of May, 2017 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge