# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MEGEN DUFFY,

    Relator/Plaintiff,

v.                               Case No. 2:14-cv-2256-SAC-TJJ

LAWRENCE MEMORIAL HOSPITAL,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Relator's[1] Motion to Compel Regarding Defendant's Responses and Objections to Qui Tam Plaintiff's Second Interrogatories and Fourth Request for Production of Documents to Defendant (ECF No. 192). Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rules 37.1 and 37.2, Plaintiff asks the Court to order Defendant Lawrence Memorial Hospital to supplement responses, withdraw objections, and answer interrogatories without objection. Defendant opposes the motion. As set forth below, Plaintiff's motion is largely granted.

## I. Relevant Background

Plaintiff served her Second Interrogatories and Fourth Request for Production of Documents on February 10, 2017.[2] On March 10, 2017, Defendant objected to the interrogatories and responded and objected to the RFPs.[3] Plaintiff's counsel sent a golden rule

---

[1] Because the United States declined to intervene in this qui tam action, the Court will refer to Relator as Plaintiff.

[2] *See* ECF No. 137.

[3] *See* ECF No. 149.

letter on April 7, 2017, pointing out alleged improprieties with Defendant's objections.[4] The parties conferred by telephone on May 22, 2017, after the Court extended until May 26 Plaintiff's deadline to file the instant motion. Although the parties were not able to resolve their differences during the call, they significantly narrowed the issues. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. Rule 37.2.

As a result of changed positions reflected in Defendant's response, Plaintiff's ultimate request is different than that contained in her motion. As narrowed and refined by her reply, the Court is prepared to rule on the remaining disputes in Plaintiff's motion to compel.

## II.    Summary of the Parties' Arguments

Plaintiff brings this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against her former employer, Lawrence Memorial Hospital ("LMH"), alleging in part that LMH submitted false information to the federal government in order to maximize reimbursement from federal medical care programs. As required by the FCA, Plaintiff served a "copy of the complaint and written disclosure of substantially all material evidence and information" she possessed on the United States Attorney for the District of Kansas to permit the government an opportunity to elect to intervene in the action.[5] After the government elected not to prosecute the action,[6] Plaintiff's Second Amended Complaint was unsealed and Plaintiff served LMH. Defendant answered the Second Amended Complaint and asserted counterclaims against Plaintiff for breach of contract and fraud.[7]

---

[4] ECF No. 192-3.

[5] 31 U.S.C. § 3730(b)(2).

[6] *See* ECF Nos. 10, 20.

[7] ECF No. 26.

**III.     Whether the Discovery Sought is Relevant and Discoverable**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[8]

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[9] Information still "need not be admissible in evidence to be discoverable."[10] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[12] Relevancy determinations are generally made on a case-by-case basis.[13]

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[10] Fed. R. Civ. P. 26(b)(1).

[11] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[12] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

In this action, the Court finds that the relevancy of the discovery called for by Plaintiff's Second Interrogatories and Fourth Request for Production of Documents is apparent on its face. Indeed, Defendant's response confirms the facial relevancy by stipulating to certain facts and insisting that it has produced documents responsive to the interrogatories and RFPs. The Court discusses below Defendant's other objections, but with respect to relevancy the Court overrules Defendant's objection.[14] And as the Court previously noted, Defendant's argument distracts from the issue at hand, i.e. whether the discovery requested is relevant and discoverable.

## IV. Defendant's Common and Boilerplate Objections

Before considering the individual requests and objections, the Court notes that Defendant has again asserted the boilerplate objection that Plaintiff's interrogatories are unduly burdensome.[15] This time, Defendant includes an assessment of the costs Defendant would incur if it produced the requested discovery. But the objection is moot because the parties have agreed to stipulate to Defendant's responses, so the Court need not rule on it.

## V. Specific Discovery Requests

The Court considers the specific discovery requests and any objections not previously addressed.

---

[13] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[14] Defendant seeks to incorporate in its response the arguments it asserted in earlier briefs based on *Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000). *See* ECF No. 146 at 3 n.1. The Court has thoroughly addressed the arguments in its Memoranda and Orders dated December 21, 2016 (ECF No. 118) and February 7, 2017 (ECF No. 133). Likewise, the Court will not repeat itself with regard to Defendant's "roving commission" and "moving target" arguments. *See* ECF No. 133 at 7-8 and Memorandum and Order dated March 30, 2017 (ECF No. 156 at 4-5).

[15] Defendant made the same objection to the RFPs but during the May 22 telephone conference defense counsel agreed to withdraw the general objections. ECF No. 192 at 5.

### A. RFP Nos. 64 and 65

Through the course of the briefing, it appears the parties have resolved their dispute regarding RFP Nos. 64 and 65. Defendant has agreed to provide supplemental responses to those requests, without objections. Defendant shall do so within ten (10) days of the date of this order.

### B. RFP No. 66

In RFP No. 66, Plaintiff seeks "[d]ocumentation of all Medicare fee-for-service claims or bills submitted to CMS or any CMS contractor by LMH, from October 1, 2010 through the present, for services rendered to any patient."[16] Plaintiff asserts the documents are material to her damages calculation because the alleged false reporting impacts Defendant's Medicare reimbursement rate, which is reflected in every billed item. Defendant objects to the proportionality of the request and asserts it would cost more than $262,400 for Defendant to compile the claims.[17] Defendant further asserts that Plaintiff already possesses the requested information in the form of the PS&R reports Defendant produced, which show the amounts the government has paid for the claims Plaintiff submitted. Plaintiff concedes that she has the PS&R reports which show the claims *paid*, but contends that she cannot verify the same claims were *submitted* for payment without having the actual claims. As Defendant's response demonstrates, these are two sides of the same coin: Defendant states it will stipulate that it *submitted* claims to Medicare for all *payments received* as shown in the PS&R reports.[18] Defendant's willingness to

---

[16] ECF No. 192-1 at 5.

[17] ECF No. 201 at 9-10.

[18] *Id.* at 9.

stipulate resolves the matter, and the Court will direct the parties to agree on appropriate language within ten (10) days of the date of this order.

### C. Interrogatories 22 and 23

In Interrogatory 22, Plaintiff asks Defendant to state the total number of Medicare fee-for-service claims or bills *submitted* to CMS for a given time period, and in Interrogatory 23 Plaintiff seeks the corresponding amount of *payments* Defendant received from CMS for those claims.[19] After much back and forth, ultimately the parties agreed that the information Plaintiff seeks is contained in the PS&R reports that Defendant has produced since the time Plaintiff served this discovery, although Defendant did not produce the reports in response to the interrogatories. Accordingly, Defendant shall provide supplemental answers to these interrogatories within ten (10) days of the date of this Order.

## VI. Plaintiff's Request for Sanctions

Plaintiff's motion urges the Court to overrule Defendant's objections, order Defendant to supplement its discovery responses without objections, and award sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defendant's response contains no mention of Plaintiff's request for sanctions. In her reply brief, which acknowledges her own modification of the discovery requests at issue and Defendant's later production of documents and offer of stipulation, Plaintiff does not renew her request for sanctions. The parties largely resolved this motion without the Court's involvement, and accordingly the Court declines to award expenses related to the instant motion.[20] However, the Court does want to address the apparent lack of cooperation between the parties which has led them to file a number of motions to compel. The following illustrates a

---

[19] *See* ECF No. 192-2 at 6-8.

[20] Given the Court's ruling, the applicable rule is Fed. R. Civ. P. 35(a)(5)(C).

typical exchange.  In responding to the instant motion, Defendant contended the interrogatories were pointless when propounded because Plaintiff already possessed the information requested therein by way of the PS&R reports.  Plaintiff replied to Defendant's comment by stating that she served the interrogatories one month before Defendant produced the PS&R reports, so they were not pointless.  Morever, Plaintiff points out, Defendant could have answered the interrogatories with a straightforward response instead of producing "hundreds of thousands of pages of redacted documents, many of which show payments received from various sources, without any explanation or supplemental discovery responses stating what these documents are or what they are responsive to."[21]

Due to the numerous motions the parties have filed in this aging case, most of which the parties could and should have resolved without Court involvement, the Court hereby puts the parties on notice that any future motions will be reviewed with heightened scrutiny regarding compliance with the requirements of D. Kan. Rule 37.2.  If the Rule 37.2 certification does not demonstrate considerable good faith and diligence in counsel for the moving party's reasonable effort to confer, the Court will not entertain the motion.  If the Court determines counsel for the opposing party has unreasonably responded to good faith efforts to confer, the Court will impose sanctions.

**IT IS HEREBY ORDERED** that Relator's Motion to Compel Regarding Defendant's Responses and Objections to Qui Tam Plaintiff's Second Interrogatories and Fourth Request for Production of Documents to Defendant (ECF No. 192) is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED insofar as Defendant's relevancy objections to these discovery requests are overruled and, within ten (10) days of the date of this order, (1) Defendant

---

[21] ECF No. 206 at 2.

shall provide supplemental responses to Request for Production Nos. 64 and 65 without objections; (2) the parties shall agree on appropriate language for a stipulation with respect to Request for Production No. 66; and (3) Defendant shall provide supplemental answers to Interrogatories 22 and 23.  The motion is DENIED insofar as the Court declines to award sanctions.

IT IS SO ORDERED.

Dated this 7th day of August, 2017 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge