# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MEGEN DUFFY, )
)
     Relator/Plaintiff, )
)
v. )   Case No. 2:14-cv-2256-SAC-TJJ
)
LAWRENCE MEMORIAL HOSPITAL, )
)
     Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Relator's[1] Motion to Compel Regarding Defendant's

Sample Produced in Response to Requests for Production 40, 41, 43, and 58 (ECF No. 193).

Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rules 37.1 and 37.2, Plaintiff asks

the Court to order Defendant Lawrence Memorial Hospital to provide responses to her Requests

for Production 40, 41, 43, and 58 as those requests were modified by the Court's Memorandum

and Order dated March 31, 2017 (ECF No. 157).  Defendant opposes the motion.  As set forth

below, Plaintiff's motion is denied.

## I.  Relevant Background

The relevant background concerning this dispute is largely set forth in the Court's

Memorandum and Order dated March 31, 2017 (ECF No. 157), in which the Court granted

Defendant's request to respond to RFPs 40, 41, 43 and 58 by producing a random sampling of

257 patient records.  Following that order, the parties communicated by email, letter, in person,

and by telephone concerning a number of issues relating to Defendant's production.  On May 8,

2017, the Court held an in-person discovery conference which included discussion related to this

---

[1] Because the United States declined to intervene in this qui tam action, the Court will refer to
Relator as Plaintiff.

issue.  Plaintiff asked for an extension of time to file a motion to compel with regard to Defendant's production, which Defendant did not oppose.[2]  The Court granted the motion, extending the deadline until May 26, 2017.  As the Court wrote, "Plaintiff is not challenging the Court's decision to allow sampling, but has questions about the population from which Defendant chose the patient records."[3]  In addition, during the conference the Court granted Plaintiff's motion to reconsider that portion of its March 31 order regarding redaction of two identifiers in the patient records Defendant produced,[4] and directed counsel to discuss the issues related to RFPs 40, 41, 43 and 58 following the conference.  Counsel conferred as directed and continued to communicate thereafter, but ultimately they were unable to resolve the issue.  The Court finds that in advance of filing this motion, Plaintiff complied with the requirements of D. Kan. Rule 37.2 insofar as it is applicable.

## II.      Summary of the Parties' Arguments

Plaintiff seems to acknowledge the appropriateness of Defendant using random sampling to respond to the four requests at issue, but argues the production is inadequate because of problems with the patient population sampled and the statistical assumptions Defendant made. Defendant argues that only one of the issues Plaintiff raises is properly the subject of a motion to compel and should be denied, while the remaining issues should have been addressed in a motion to reconsider for which Plaintiff is out of time.

## III.     Responsiveness of Patient Records

---

[2] *See* ECF No. 187 at 4.

[3] *Id.*

[4] *Id.  See* Plaintiff's Motion for Partial Reconsideration of Redaction Component of Protective Order (ECF No. 169).  Defendant took no position on this motion.

Plaintiff contends that Defendant's search terms were insufficient to capture the correct patient population whose records would be responsive to the "goals of the four requests"[5] that underlie this and previous motions. Specifically, Plaintiff contends that the sample Defendant produced on March 23 yielded patients who did not present to the Emergency Department with an initial complaint of chest pain or acute myocardial infarction (AMI), which each of the four RFPs includes as a qualifying characteristic. As evidence, Plaintiff submitted copies of three sets of patient records Defendant produced that did not list an initial complaint of chest pain or AMI.[6] Plaintiff suggests the solution is to have Defendant randomly select a replacement patient, from the same population, for each instance where the record indicates the patient did not initially present with chest pain or AMI. Plaintiff states that counsel suggested this solution to Defendant, but Defendant declined.

Defendant responds by pointing out that the three examples Plaintiff cites do not contain complaints of "chest pain" or "AMI" (abbreviated or unabbreviated) on the respective patients' face sheets, but they were captured because one or more of those words appeared as a "chief complaint" in Defendant's search of Emergency Department patient records. In these instances, the chief complaint listed on the patients' triage notes included the words "chest" and "pain." Defendant further points out that the search terms are contained in a February 20, 2017 submission which Plaintiff has not opposed.[7]

Plaintiff advised Defendant of this alleged deficiency in a May 4, 2017 letter which listed

---

[5] ECF No. 193 at 6.

[6] Plaintiff submitted the exhibits for *in camera* review because Defendant designated them as Confidential Information pursuant to the Protective Order entered in this case.

[7] *See* Affidavit of Michael Williams at ¶ 3 (ECF No. 143-1).

a total of six patient records from which Plaintiff concluded that Defendant sampled the wrong population.[8] Defendant takes the position that it responded on three separate occasions with an offer to produce additional documentation showing the responsiveness of the documents. On May 22, 2017, Defendant produced the triage notes for the six patient records in question.

Plaintiff also complains that the sampled records Defendant produced were not limited to patients who were given EKGs.[9] Plaintiff acknowledges, however, that Defendant offered to produce an additional 41 patient records, including EKGs, "to ensure that Duffy had a sample of 257 EKGs with corresponding patient records."[10] It is unclear whether Defendant ever produced those additional 41 patient records to Plaintiff.

Clearly, the parties are once again talking past each other and not addressing this issue with a focused discussion. The briefing demonstrates that neither side has fully revealed and/or explained its position before putting it on paper in connection with this motion. The Court concludes that, based on the examples Plaintiff cites and Defendant's explanation of and further document production related to those patient records,[11] Defendant has complied with the Court's orders dated March 31 and May 8, 2017.[12] The Court denies Plaintiff's motion insofar as it seeks to compel Defendant to provide additional documents responsive to RFPs 40, 41, 43 and 58.

---

[8] *See* ECF No. 193-2.

[9] *See* ECF No. 193 at 8.

[10] *Id.*, ECF No. 202 at 7.

[11] If Defendant has not produced the additional 41 patient records just discussed, it shall do so within five (5) days of the date of this order.

[12] ECF Nos. 157, 187.

## IV.    Remaining Issues

Plaintiff also asks the Court to order Defendant to (1) produce separate samples for each fiscal year; (2) conduct another search with a larger sample size by increasing the "anticipated rate of occurrence" percentage from 10 to 50; and (3) permit Plaintiff to have two representatives present during the input of information into the RAT-STATS program, during the random number generation, and during the application of the random numbers to the patient populations.

Defendant contends these requests are not properly the subject of a motion to compel, as they are not associated with Defendant's responsiveness to RFPs 40, 41, 43 and 58. Instead, each issue relates to the sampling methodology approved by the Court in its order dated March 31, 2017. As Defendant points out, Plaintiff timely filed a motion to reconsider that portion of the order related to redaction of patient records.[13] Plaintiff's motion did not seek reconsideration of the order with regard to sampling methodology or sample size. While Plaintiff requested and the Court granted an extension of the deadline to file a motion to compel related to Defendant's production,[14] Plaintiff did not seek an extension of the April 14, 2017 deadline to file a motion to reconsider.

Plaintiff protests that Defendant has set a procedural trap by raising this issue. The Court disagrees. Plaintiff's motion goes beyond that contemplated by Fed. R. Civ. P. 37(a)(3)(B) and instead challenges the terms of the Court's order. And while during the May 8 hearing the Court recognized that "further issues could arise following Defendant's production of this limited number of records, [and] if so counsel [could] bring any such issues to the Court's attention . . .

---

[13] *See* ECF No. 169 (filed April 14, 2017).

[14] *See* ECF No. 187 at 4.

[to be] addressed in due course,"[15] Plaintiff errs in relying on the Court's words as license to characterize any issue as amenable to an order compelling Defendant to deviate from the random sampling the Court's order approved.

Plaintiff's motion is untimely with respect to the three issues set forth in the first paragraph of this section.  In addition, it does not comply with D. Kan. Rule 7.3 because it is not based on an intervening change in controlling law, the availability of new evidence, or a need to correct clear error or prevent manifest injustice.[16]

Defendant does not request sanctions.  Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court must award reasonable expenses and attorney's fees to Defendant unless the motion was substantially justified or other circumstances make the award unjust.  Given the poor communication regarding this motion by both parties and the Court's determination that much of the motion is not properly brought under Rule 37, the Court finds an award of expenses would be unjust.  Moreover, given that the Court is ordering Defendant to produce the additional 41 patient records if it has not done so, arguably the Court is granting Plaintiff's motion in part.

**IT IS HEREBY ORDERED** that Relator's Motion to Compel Regarding Defendant's Sample Produced in Response to Requests for Production 40, 41, 43, and 58 (ECF No. 193) is DENIED.

**IT IS FURTHER ORDERED** that, if Defendant has not produced to Plaintiff the 41 additional patient records described in its response to this motion,[17] it shall do so within five (5) days of the date of this order.

---

[15] ECF No. 157 at 8.

[16] *See* D. Kan. R. 7.3(b).

[17] ECF No. 202 at 7.

IT IS SO ORDERED.

Dated this 11th day of August, 2017 at Kansas City, Kansas.


_s/ Teresa J. James_
Teresa J. James
U.S. Magistrate Judge