# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MEGEN DUFFY, | ) | |
| | ) | |
| Relator/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-2256-SAC-TJJ |
| | ) | |
| LAWRENCE MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Strike Plaintiff's Non-Retained Experts (ECF No. 236). Pursuant to Federal Rule of Civil Procedure 37(c), Defendant asks the Court to enter an order striking Plaintiff's non-retained expert witness designations of Centers for Medicare and Medicaid Services (CMS) employees James Poyer, Dr. Reena Duseja, and Dr. Pierre Young. Defendant contends Plaintiff's designations for these three witnesses fail to satisfy Federal Rule of Civil Procedure 26(a)(2)(C), and as a result the Court should prohibit each from offering expert testimony. Plaintiff opposes the motion. As set forth below, the Court denies Defendant's motion.

## I.   Relevant Background

On September 7, 2017, Plaintiff included in her expert witness designations the names of three employees of CMS. Plaintiff actually believes these individuals will be lay witnesses, as she intends to elicit testimony from them about the policies and practices of CMS during the time periods described in the Second Amended Complaint. However, Plaintiff is prepared for the possibility that the court may determine one or more of the witnesses' opinions is "based on scientific, technical, or other specialized knowledge" which would fall within the scope of expert

1

witness testimony.[1] Accordingly, Plaintiff asked CMS to identify the individuals who will testify so that, "out of an abundance of caution,"[2] she could timely include the names in her expert disclosures. CMS provided the names on September 6, 2017.

Defendant took issue with the sufficiency of the information Plaintiff provided regarding the witnesses and on September 12, 2017, defense counsel wrote a golden rule letter informing Plaintiff that Defendant is substantially prejudiced by the allegedly inadequacy and insisting that Plaintiff immediately supplement its disclosures to "identify the specific facts and opinions about which these witnesses are expected to testify."[3] The parties' counsel spoke by telephone on September 15, 2017, and Plaintiff's counsel explained that CMS had recently designated the witnesses but counsel had not yet spoken with them. Since then, Plaintiff's counsel has continued to communicate with CMS to try to arrange a phone conference to better ascertain the nature of each witness's knowledge and opinions related to this case. Neither party reports further communication. On September 21, 2017, Defendant timely filed the instant motion.

## II.     Legal Standard

Defendant alleges Plaintiff's designation fails to meet the technical requirements of Fed. R. Civ. P. 26(a)(2)(C), which governs the information a party must provide regarding non-retained witnesses. The rule provides as follows:

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

---

[1] *See* Fed. R. Civ. P. 701(c); 702.

[2] Relator's Memorandum in Opposition to Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Strike Plaintiff's Non-Retained Experts (ECF No. 243) at 2.

[3] *See* ECF No. 236-1.

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.[4]

As Defendant recognizes, case law provides little to no guidance on what constitutes a sufficient summary under Fed. R. Civ. P. 26(a)(2)(C) that would obviate any danger of unfair surprise regarding the potential factual and/or opinion testimony of non-retained witnesses.[5] The advisory committee notes written at the time Rule 26 was amended to include this provision state as follows:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.
>
> This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.[6]

---

[4] Fed. R. Civ. P. 26(a)(2)(C).

[5] ECF No. 236 at 2; *see Shepeard v. Labette Cty. Med. Ctr.*, No. 11-1217-MLB-KGG, 2013 WL 881847, at *1 (D. Kan. Mar. 7, 2013).

[6] Fed. R. Civ. P. 26 (2010 amendment notes).

**III.     Analysis**

In describing the subject matter of the CMS witnesses' testimony, Plaintiff's disclosure states that each witness is "expected to provide evidence and to speak authoritatively on behalf of CMS on matters related to the Hospital Value Based Purchasing ("HVBP") program and/or hospital arrival times as used in the CMS Specifications Manual."[7]  Plaintiff also specifies which witness would address each matter with testimony that "may include, but is not limited to, statements, comments and opinion related to any document produced by a party or obtained pursuant to a subpoena, or may relate to any statement, comment or opinion made under oath or declaration."[8]

Plaintiff's disclosure offers the following summary of facts and opinions:

> It is anticipated that [the witness] will testify about [the CMS HVBP program and/or hospital arrival times for CMS reporting]. [The witness] may also testify to facts known [concerning LMH's HVBP submissions and payments and/or arrival times reported by LMH]. Any opinions [the witness] will offer will be within the scope of his education and experience, and may include testimony on documents produced by CMS pursuant to the subpoena served on CMS on March 22, 2016.[9]

Defendant articulates its objection to Plaintiff's disclosure primarily by quoting general language about Rule 26(a)(2)(C) from cases finding disclosures inadequate.  Defendant argues the current disclosure will cause prejudice because it provides no actual opinions and reference no specific facts of the case, but that Defendant would also be prejudiced if the Court were to allow supplementation because Defendant's time to make strategic decisions and designate its

---

[7] ECF No. 236 at 3.

[8] *Id.*

[9] *Id.*

own expert witnesses would be shortened. Accordingly, Defendant urges the Court to strike the designation and prevent the CMS witnesses from offering expert testimony at trial.[10]

Plaintiff continues to assert her belief that the CMS witnesses will be lay witnesses, able to offer both facts and opinions consistent with Federal Rule of Evidence 701, to testify about CMS's policies and practices during the relevant time period. Recognizing the nature of their work and experience and the relative complexity of the CMS programs at issue, Plaintiff understands the trial judge may find the witnesses' opinions are based on scientific, technical, or other specialized knowledge. Were that to happen, the witnesses would have to satisfy requirements for those offering expert testimony. As the committee notes indicate, a person identified under Rule 26(a)(2)(A) who is not required to provide a written report may well testify as both fact and expert witness.[11]

Plaintiff also addresses the purpose of the rule and argues that her disclosure is sufficient to "avoid the danger of unfair surprise" the rule is designed to prevent. She points out that Defendant has all the information Plaintiff has, which to date consists only of communication between Plaintiff's counsel and CMS. CMS provided Plaintiff's counsel with names of the witnesses only the day before Plaintiff's disclosure deadline, and as of the time Plaintiff filed her response, counsel had not yet communicated with the witnesses. Moreover, the witnesses have

---

[10] Defendant also indicates Plaintiff's counsel had voiced a concern that federal regulations would prevent counsel from being able to speak with or depose the CMS witnesses before trial, and Defendant devotes several pages to arguing that the regulations do not exempt Plaintiff from complying with Rule 26. Plaintiff's response is silent on the issue. It therefore appears Plaintiff is not relying on these so-called *Touhy* regulations to justify the content of her disclosure, and the Court need not address the issue.

[11] Defendant raises no objection to the CMS witnesses testifying as fact witnesses. Knowing that Plaintiff intends to offer their testimony at trial, the Court presumes Defendant will seek to depose them. Doing so should enable Defendant to learn the scope of their relevant knowledge and opinions.

5

no reason to cooperate or communicate with Plaintiff to the exclusion of Defendant. The latter point, *i.e.* that Defendant has equal access to the witnesses, mutes the alleged deficiency because Defendant is able to ask the witnesses about the scope and subject matter of their possible testimony.

In light of the extensive discovery the parties have conducted to date and their equal access to the CMS witnesses, the Court finds that Plaintiff's disclosure does not violate Fed. R. Civ. P. 26(a)(2)(C). Accordingly, the Court will not strike the CMS witness's testimony.[12] However, the Court will direct Plaintiff to confer post haste with the three CMS witnesses identified in her disclosure, and to supplement her disclosure or advise that the witnesses failed to cooperate.[13]

**IT IS HEREBY ORDERED** that Defendant/Counterclaimant Lawrence Memorial Hospital's Motion to Strike Plaintiff's Non-Retained Experts (ECF No. 236) is DENIED.

**IT IS FURTHER ORDERED** that no later than November 3, 2017, Plaintiff shall provide Defendant with a supplemental disclosure related to the CMS witnesses or shall advise Defendant that the witnesses have not cooperated in providing the information necessary for such disclosure.

---

[12] If the Court had found a Rule 26 violation, the Court would have found it harmless and not subject to striking under Fed. R. Civ. P. 37(c), using the applicable factors: (1) prejudice or surprise to the party against whom the testimony is offered; (2) ability to cure any prejudice; (3) potential for trial disruption if the testimony is allowed; and (4) erring party's bad faith or willfulness. *See Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014).

[13] The Court will impose a short deadline because Plaintiff represents that counsel continued to communicate with CMS to arrange a conference with the witnesses. If this has yet to occur, it would be consistent with CMS's pattern of poor communication which is not likely to be cured with more time.

Dated this 31st day of October, 2017 at Kansas City, Kansas.

                                            *s/ Teresa J. James*
                                            Teresa J. James
                                            U.S. Magistrate Judge