**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MEGEN DUFFY, ) | |
| ) | |
| Relator/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-2256-SAC-TJJ |
| ) | |
| LAWRENCE MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Relator's[1] Motion to Compel Production of Responses to Relator's Fifth Requests for Production to Defendant (ECF No. 239). Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rules 37.1 and 37.2, Plaintiff asks the Court to order Defendant Lawrence Memorial Hospital to withdraw its objections to RFP Nos. 69, 70, 72, and 73 and provide all responsive documents. Defendant opposes the motion. As set forth below, Plaintiff's motion is granted.

**I.     Relevant Background**

Plaintiff served her Fifth Request for Production of Documents on July 28, 2017.[2] On August 28, 2017, Defendant objected and responded to the RFPs.[3] Plaintiff's counsel sent a golden rule letter on September 13, 2017, pointing out alleged deficiencies in Defendant's responses and improprieties with Defendant's objections.[4] The parties conferred by telephone on

---

[1] Because the United States declined to intervene in this qui tam action, the Court will refer to Relator as Plaintiff.

[2] *See* ECF No. 214.

[3] *See* ECF No. 229.

[4] ECF No. 239-2.

1

September 15, 2017 and exchanged letters following the telephone conference.  On the day Plaintiff filed the instant motion (which was also the deadline to do so), defense counsel sent an email informing Plaintiff's counsel that Defendant was withdrawing three objections to RFP No. 69.  Two days after filing its response, Defendant served supplemental responses to the RFPs in dispute, but the only difference is that Defendant omitted the three objections it had withdrawn to RFP No. 69.

Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. Rule 37.2.  The motion is ripe and the Court is prepared to rule on the remaining disputes in Plaintiff's motion to compel.

## II.     Summary of the Parties' Arguments

Plaintiff challenges the propriety of Defendant's objections to four document requests. The issues are largely similar to those raised in earlier motions to compel, with one addition. Defendant raises a new objection that three of the requests are overbroad because they seek documents from 2007-2009.  According to Defendant, Plaintiff's allegations relate only to Defendant's activities since 2010, making Plaintiff entitled only to documents created in 2010 and later.

Plaintiff addresses Defendant's overbreadth objection by pointing to language in the Second Amended Complaint which alleges Defendant made false claims for Medicaid payments beginning as early as 2007, thus justifying her request for documents as of that time.

## III.    Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[6] Information still "need not be admissible in evidence to be discoverable."[7] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

In this action, the Court finds that the relevancy of the discovery called for by Plaintiff's Fifth Request for Production of Documents is apparent on its face. The requests relate directly to

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[7] Fed. R. Civ. P. 26(b)(1).

[8] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[9] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[10] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

Plaintiff's allegations regarding Medicaid payments.  Although Defendant protests that Plaintiff has not alleged Defendant is liable to any state Medicaid agency, the Court previously demonstrated the fallacy of this argument.[11] The Court discusses below Defendant's other objections, but with respect to relevancy the Court overrules Defendant's objections to RFP Nos. 72 and 73.[12]

## IV.     Specific Discovery Requests

The Court considers the specific discovery requests and objections not previously addressed.

### A.     RFP No. 69

Request No. 69 seeks the following documents:

Attestations of Compliance with Section 6032 of the Federal Deficit Reduction Act submitted by LMH to KanCare or any other Medicaid agency for the fiscal years ending on September 30 of each of the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2016, and 2017.[13]

Although Defendant originally asserted numerous objections to this request, it has withdrawn all but its objection that the request is overbroad in that it seeks documents from 2007-2009, whereas Plaintiff's allegations relate only to activities since 2010.  Defendant's

---

[11] *See* ECF No. 156 at 8 ("[T]he Kansas state Medicaid agency is KanCare, Defendant is a provider of Medicaid services in Kansas, Defendant certified to KanCare its compliance with the Deficit Reduction Act, approximately 60% of every dollar Defendants receives from Medicaid is federally funded, and . . . a 'claim' for False Claims Act purposes exists if the federal government provides any portion of the money demanded.").

[12] Defendant also seeks to incorporate in its response the arguments it asserted in earlier briefs based on *Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000).  *See* ECF Nos. 100, 119,146, 201.  The Court has thoroughly addressed the arguments in its Memoranda and Orders dated December 21, 2016 (ECF No. 118) and February 7, 2017 (ECF No. 133).  Accordingly, to the extent that Defendant relies on *Koch*, the Court rejects the argument as set forth in its earlier rulings.

[13] ECF No. 239-1 at 2.

4

objection ignores the plain language of the Second Amended Complaint, including allegations that "all Medicaid payments received by Defendant after March 2007 through at least 2015 were based upon false material statements made by Defendant in order to get false claims paid by Medicaid."[14]  The quoted language follows several paragraphs of facts leading to this concluding allegation.  In addition, the prayer for relief states that some of the violations Plaintiff alleges "begin[] as early as 2007."[15]

In response to Defendant's argument that 2007 is demonstrably too early because Plaintiff has limited other requests to 2009 to the present, Plaintiff points out that allegations of Medicare fraud begin in 2009, but the alleged improprieties related to Medicaid reach back to 2007.  Plaintiff's discovery requests differ depending on the program each addresses.

RFP No. 69 is not overbroad.  The Court overrules Defendant's objection.

### B.     RFP No. 70

In RFP No. 70, Plaintiff seeks Emergency Department records for 18 to 27 sets of specific patient records.[16]  Defendant originally objected that the request is unduly burdensome and disproportionate to the needs of this case because of the estimated cost and time to redact the records.  Since then, it appears Defendant performed the redaction although at a lower cost than it originally estimated.[17]  However, Defendant has not yet produced the responsive documents to Plaintiff.[18]

---

[14] ECF No. 18 ¶145.

[15] *Id.* ¶177.

[16] ECF No. 239-1 at 4.

[17] *See* Affidavit of Michael Cole (ECF No. 249-1) ¶4 ("The [Lathrop Gage LLP] document review team redacted patient names, Social Security Numbers, dates of birth, addresses, phone

Defendant cites no legal requirement for redaction, but on the basis of proportionality asks the Court to require Plaintiff to share in its cost.  As Plaintiff points out, the Court has previously addressed and rejected Defendant's cost-sharing request when Defendant chose to redact documents it was under no obligation to redact.[19]  Similarly, the Court will not require cost-sharing or -shifting with respect to documents responsive to RFP No. 70, and will direct Defendant to produce the documents.

### C.     RFP Nos. 72 and 73

In RFP Nos. 72 and 73, Plaintiff seeks documents showing the total number of claims and the dollar amount of each claim submitted by Defendant to Medicaid for certain services for fiscal years 2007 through 2018, plus the total amount of claims for each year.[20]  Defendant poses the same objections to each request, including that the requests are duplicative of RFP No. 61 which sought documents showing the amount of Medicaid-related payments Defendant received from 2009 to the present.  The Court rejects this argument, as documents comprising claims made and amounts requested by a health care provider clearly are not the same as documents reflecting payment on those claims.  Moreover, as Plaintiff notes, False Claims Act damages are

---

numbers, fax numbers, email addresses, and credit card information as well as similar information for dependents or beneficiaries.").

[18] *See* ECF No. 263 ("Defendant reveals in its Opposition and in the Affidavit of Michael Cole that it has completed redaction of all documents responsive to Request 70.  Yet it has not produced them to counsel for Relator.").

[19] *See* ECF No. 187 at 3 ("The Court determined the existing protective order contains the provisions necessary under HIPAA to allow Defendant to produce the documents at issue without redaction.").

[20] ECF No. 239-1 at 5-6.

based in part on the number of claims a provider submits, regardless of whether the government pays any of those claims.

The Court overrules Defendant's objections to RFP Nos. 72 and 73.

### D. RFP No. 71

In her reply, Plaintiff asks the Court to reject new objections to RFP No. 71 that Defendant asserted in its supplemental responses, a copy of which Plaintiff attaches to her brief.[21]  The Court has reviewed the supplemental responses and does not see any objection to RFP No. 71.  If Defendant has asserted an objection at any time after its original response, such objection is untimely and will be deemed waived.

## VI. Sanctions

Plaintiff's motion urges the Court to order Defendant to withdraw its objections and provide all responsive documents.  Unlike in its earlier motions to compel, however, Plaintiff does not seek an award of sanctions pursuant to Fed. R. Civ. P. 37.  Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[22]  Accordingly, no later than **December 6, 2017**, if Plaintiff intends to seek sanctions, Plaintiff shall file a response setting forth the amount she requests, along with an affidavit itemizing the expenses and attorney's fees she incurred in bringing the instant motion.  Defendant shall have 14 days to file a response thereto.  The Court will thereafter enter an order.

---

[21] ECF No. 263-2.
[22] Fed. R. Civ. P. 37(a)(5)(A).  The rule lists three exceptions, none of which the Court finds apply here.

**IT IS HEREBY ORDERED** that Relator's Motion to Compel Production of Responses to Relator's Fifth Requests for Production to Defendant (ECF No. 239) is GRANTED. Defendant's objections to these discovery requests are overruled and, within ten (10) days of the date of this order, Defendant shall provide supplemental responses to Request for Production Nos. 69, 70, 72, and 73 without objections.

IT IS SO ORDERED.

Dated this 22nd day of November, 2017 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U.S. Magistrate Judge