**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MEGEN DUFFY, ) | |
| ) | |
| Relator/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-2256-SAC-TJJ |
| ) | |
| LAWRENCE MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On November 22, 2017, the Court granted Relator's Motion to Compel Production of Responses to Relator's Fifth Requests for Production to Defendant[1] and directed Defendant to provide supplemental responses to four Requests for Production without objections. The Court also determined that Defendant should pay Plaintiff's reasonable expense and attorney's fees incurred in making the motion. To assist the Court in determining the proper amount of the award, the Court ordered Plaintiff to file a response setting forth the amount she requests, along with an affidavit itemizing the expenses and attorney's fees she incurred in bringing the motion. The Court permitted Defendant to respond.

Plaintiff's counsel submitted affidavits which state that Plaintiff incurred approximately[2] $20,600.00 in fees as a result of Defendant's objections to and failure to produce documents in response to certain Requests for Production of Documents. Defendant urges the Court to reject Plaintiff's request for fees. Defendant argues the goal of deterrence would be frustrated by awarding sanctions, because Defendant was represented by different counsel when the Court

---

[1] ECF No. 274. Because the United States declined to intervene in this qui tam action, the Court refers to Relator as Plaintiff.

[2] The amount is approximate because one of the affidavits requests reimbursement for 9 hours, 22 minutes and 41 seconds of time at the rate of $450.00 an hour.

granted Plaintiff's motion to compel and the need to deter future uncooperative behavior no longer exists.  Defendant does not address the reasonableness of the amount of attorney's fees Plaintiff requests.

The Court has reviewed the parties' submissions.[3]   Although the Court recognizes that Defendant has retained new counsel and no additional discovery disputes have arisen since then, the sanctionable conduct occurred after many rounds of discovery motions and after the Court had put the parties on notice that sanctions would follow further unreasonable behavior. Defendant's response does not address the merits of Plaintiff's successful motion to compel nor defend the overruled objections Defendant posed to the Requests for Production at issue in the motion.

The Court finds a total award in the amount of $10,000.00 is reasonable and appropriate under the circumstances of this case.   Plaintiff submitted the affidavits of four lawyers, all of whom list time for having drafted, reviewed, and/or edited the motion to compel and/or the reply brief.   While the Court is not criticizing counsel's division of labor, the Court finds that a reasonable amount of time to evaluate and draft the motion and reply does not warrant the total number of hours for which Plaintiff seeks to recover.

The Court is imposing sanctions in the amount of $10,00.00, half to be paid by Lawrence Memorial Hospital and half to be paid by Lathrop & Gage, LLP, which represented Lawrence Memorial Hospital through the time of the discovery dispute.   The Court is unable to determine whether client or counsel or some combination of both was responsible for continuing to raise an

---

[3] *See* ECF No. 284 (Relator's Motion for Sanctions); ECF No. 290 (Defendant Lawrence Memorial Hospital's Response to Relator's Motion for Sanctions).

argument the Court had rejected many times,[4] maintaining an objection the Court previously overruled,[5] or making unsupported objections that clearly were not sustainable.[6]  Accordingly, the Court holds both Lawrence Memorial Hospital and the firm of Lathrop & Gage, LLP responsible for the sanctionable conduct.[7]  The sanctions shall be paid to Plaintiff within **twenty (20) days** of the date of this Order.

    **IT IS SO ORDERED.**

Dated this 21st day of February, 2018 at Kansas City, Kansas.

*Teresa J. James* (signature)
Teresa J. James
U. S. Magistrate Judge

---

[4] *See* ECF No. 274 at 4 n.12.

[5] *See id.* at 5-6.

[6] *See id.* at 3-6.

[7] To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct. *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003).  Moreover, sanctions should be imposed against the law firm rather than the individual attorneys representing the party.  *See id.* (holding law firm rather than individual attorneys responsible for payment of fees and expenses awarded under Rule 37(a)(4)).