UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>ex rel. Stacey L. Janssen, as Special<br>Administrator of the Estate of<br>Megen Corin Duffy,<br><br>　　　　Plaintiff/Counter Defendant,<br><br>vs.<br><br>LAWRENCE MEMORIAL HOSPITAL,<br><br>　　　　Defendant/Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:14-cv-02256-SAC-TJJ<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM IN SUPPORT OF BILL OF COSTS

Pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1, Defendant Lawrence Memorial Hospital ("LMH"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Bill of Costs.

### FACTUAL BACKGROUND

On October 2, 2018, this Court entered a Memorandum and Order granting LMH's Motion for Summary Judgment. (Dkt. 337). On the same day, the clerk entered judgment in favor of LMH, and ordered that LMH recover costs from Relator. (Dkt. 338). On October 30, 2018, Relator filed a Motion to Alter or Amend the Judgment. (Dkt. 349). The Court denied Plaintiff's Motion on December 11, 2018. (Dkt. 353). On January 10, 2019, Relator filed a Notice of Appeal. (Dkt. 354). The Tenth Circuit affirmed this Court's decision, and on April 7, 2020, this Court received the mandate from the Tenth Circuit of the Order terminating the action on appeal. (Dkt. 360).

### ATTEMPT TO CONFER

Pursuant to Local Rule 54.1(a)(2)(D), LMH's counsel conferred with Relator's counsel, but the parties were unable to reach agreement on any of the taxable costs set forth in LMH's Bill of Costs.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "Costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Denial of costs is a severe penalty, and therefore there must be some apparent reason to penalize the party if costs are to be denied." *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1074 (D. Kan. 2005) (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997)).

The following costs are taxable by the Court:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## ARGUMENT

Here, LMH is the prevailing party because its Motion for Summary Judgment was granted and judgment was entered completely in favor of LMH. Additionally, the judgment reflects LMH's status as the prevailing part and orders that it recover its costs from Relator. As the prevailing party, LMH respectfully requests that the Clerk of Court tax its costs to Relator in the amount of $17,283.20, as set forth in the Bill of Costs filed with this Memorandum.

### A. LMH's Costs for Deposition and Trial Transcripts, Deposition Videos, and Related Witness Fees are Taxable.

The Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court has "great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself." *Aerotech*, 237 F.R.D. at 664 (citing *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 678 (D. Kan. 1994)). *See also, In re Williams Securities Litigation*, 558 F.3d 1144, 1149 (10th Cir. 2009) (holding that in order for costs of depositions to be awardable to a prevailing party on summary judgment, the depositions did not have to be used in deciding the motion and did not have to be designated for use at trial, but rather only had to be reasonably necessary for use in the case at the time the expenses were incurred).

The Court may also tax costs relating to video deposition exhibits that are necessary for the litigation. *Odessa Ford, LLC v. T.E.N. Investments, Inc.*, No. CIV.A. 07-2161-KHV, 2009 WL 1631850, at *7 (D. Kan. June 10, 2009). This includes costs of time-stamping the video to synchronize with written transcript necessary for use at trial. *Seyler v. Burlington N. Santa Fe Corp.*, No. 99-2342-KHV, 2006 WL 3772312, at *3 (D. Kan. Dec. 20, 2006).

Throughout the course of this litigation, LMH has incurred a total of $17,283.20 in costs to obtain originals and/or copies of deposition transcripts and exhibits. These charges are documented in the court reporter invoices attached to LMH's Bill of Costs as Exhibit 1. The parties cited to most of the depositions in the heavy briefing surrounding the multiple motions for summary judgment, motion to alter or amend the judgment, and in the briefing on appeal. The remaining depositions were either noticed by Relator (Bones, Hale, Morris, and Skeet) or taken of a witness identified by Relator as a fact or expert witness (Cantrell, Johnson, Rocha, and Shuur).

Accordingly, the following charges were necessarily incurred by LMH and are taxable as costs under 28 U.S.C. § 1920(2):

| DEPOSITIONS | | |
|---|---|---|
| **DEPONENT** | **TRANSCRIPT INVOICE** | **VIDEOGRAPHER INVOICE** |
| Bones, Brenda | $278.45 | $744.97 |
| Brammer, Sue | $151.10 | |
| Cantrell, Wendy | $154.20 | $100.00 |
| Duffy, Megan | $2,385.50 | $780.14 and $2,543.29 |
| Hale, Dana | $326.80 | |
| Harvey, Joan | $555.85 | $428.41 |
| Laymon (Johnson), Betty | $943.10 | $147.02 |
| McCullough, Jeanine | Combined with Duffy | Combined with Duffy |
| Morris, Christina | $337.55 | |
| Pedley, Joe | $484.15 & $122.45 | $508.18 |
| Rocha, Crystal | $1,271.75 | $759.24 |
| Schuur, Jeremy | $567.32 | |
| Sherman, Linda | $346.60 | |
| Shumate, Karen | $592.70 | |
| Skeet, Summer | $480.15 | Combined with Brenda Bones |
| Swisher, Elaine | $612.35 | $463.58 |
| Thomas, Susan | Combined with Christina Morris | |
| Trahan, Ava | $847.10 | |
| Williams, Michael | $351.25 | Combined with Brenda Bones |
| | | |
| **TOTAL** | **$10,808.37** | **$6,474.83** |
| **COMBINED TOTAL** | | **$17,283.20** |

## **CONCLUSION**

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, LMH respectfully requests that the Clerk of Court tax its costs in the amount of $17,283.20 against Relator, as set forth by LMH in its Bill of Costs and supporting Memorandum.

SPENCER FANE LLP

*s/ Mark A. Cole*
Mark A. Cole           KS #25349
Andrew R. Ramirez      KS #10947
Blane R. Markley       KS #23262
Michael F. Saunders    KS #26583
6201 College Boulevard, Suite 500
Overland Park, KS 66211-2435
Tel: (913) 345-8100
Fax: (913) 345-0736
mcole@spencerfane.com
aramirez@spencerfane.com
bmarkley@spencerfane.com
msaunders@spencerfane.com

and

Patrick A. McInerney    KS #22561
1000 Walnut Street, Ste. 1400
Kansas City, Missouri 64106-2140
Tel: (816) 474-8100
Fax: (816) 474-3216
pmcinerney@spencerfane.com

***Attorneys for Defendant***
***Lawrence Memorial Hospital***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on the 7th day of May, 2020, I delivered the foregoing via Electronic Filing System to all counsel of record.

*s/* Mark A. Cole
Attorney for Defendant
Lawrence Memorial Hospital

5